UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMPBELL, an individual; CARLOTA FRANKLIN-CAMPBELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LOGUE, an individual and as trustee for the Sears/Logue Revocable Trust; DAVID MARQUEZ, an individual; MIKELSON YACHTS, INC., a California corporation; NAN YA PLASTICS CORPORATION, a foreign corporation; NAN YA PLASTICS, a California corporation,<br><br>Defendants. | Civil No.   10-cv-1821-JM (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO QUASH**<br><br>**[ECF No. 86]** |

On March 27, 2012, Plaintiff Carlota Franklin-Campbell ("Plaintiff") filed an Ex Parte Motion to Quash Subpoena to Psychotherapist. (ECF No. 86.) On April 19, 2012, Defendants William Logue and Sears/Logue Revocable Trust (collectively, "Defendants") filed an Opposition. (ECF No. 89.) On April 26, 2012, Plaintiff filed a Reply. (ECF No. 90.) Based on a careful review of the parties' papers, and for the reasons discussed below, Plaintiff's Motion to Quash is hereby **GRANTED**.

## I. BACKGROUND

This is an action brought by Plaintiff and her husband, Steven Campbell. Mr. Campbell alleges that on December 7, 2008, he suffered injuries after falling on a boat while marlin fishing near Cabo San Lucas, Mexico. Mr. Campbell seeks to recover for his personal injuries under negligence and strict product liability theories. Plaintiff alleges only a loss of consortium claim in which she seeks to recover

for the loss of "care, comfort and consortium of her husband." (First Amended Complaint, ECF No. 44, at 9:27.)

During her deposition in this action, Plaintiff testified that following her husband's accident she began taking medication prescribed by a psychiatrist, Dr. Delbert Secrist. When questioned about the purpose of her visits to Dr. Secrist, Plaintiff simply stated: "I was overwhelmed with my situation."

Following Plaintiff's deposition, counsel for Defendants issued a subpoena to Dr. Secrist in which Defendants requested all records from Dr. Secrist relating to Plaintiff, including, among other things, medical and dental histories, examinations and diagnoses, correspondence and billing records. Defendants' subpoena states: "IT IS ALLEGED THAT INJURIES HAVE BEEN SUSTAINED TO THE HEALTH AND NERVOUS SYSTEM AND HAVE CAUSED/CAUSE GREAT MENTAL, PHYSICAL, AND NERVOUS PAIN AND SUFFERING." Plaintiff seeks an order quashing the subpoena.

## II. DISCUSSION

### A. Discovery Dispute

In her Motion to Quash, Plaintiff argues that the records sought by Defendants are privileged, confidential and protected from disclosure by the patient-psychotherapist privilege and Rule 501 of the Federal Rules of Evidence. Plaintiff also contends that the "records are irrelevant because [she] is not seeking to recover the costs of this treatment or to introduce statements made by or to her psychotherapist as evidence of liability or damages for her claim." She also contends that because she is making only a claim for loss of consortium, and not for emotional distress, she has not waived the privilege.

In their Opposition, Defendants cite to Plaintiff's deposition testimony, summarized above, in support of their position that they are entitled to discover additional information concerning Plaintiff's claims and alleged damages. Defendants rely on this Court's opinion in *Price v. County of San Diego*, 165 F.R.D. 614, 622 (S.D. Cal. 1996), in which Judge Anthony J. Battaglia found that the psychotherapist-patient privilege was waived when the plaintiff's psychological records were placed at issue as a result of the plaintiff's claim for loss of consortium. Defendants also rely on *Aguilar v. County of Fresno*, No. 08-cv-1202-AWI (GSA), 2009 U.S. Dist. LEXIS 107946, at *20-21 (E.D. Cal.

Oct. 29, 2009), in which the court compelled disclosure of the plaintiff's mental health treatment records despite the plaintiff having not made a claim for emotional distress.

In her Reply, Plaintiff again argues that the requested records are not relevant because she is not making a claim for emotional distress. Plaintiff also argues that the cases relied upon by Defendants are inapposite.

**B.    Analysis**

As Plaintiff recognizes, in *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996), the Supreme Court held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under *Rule 501 of the Federal Rules of Evidence*." The Supreme Court's recognition of this privilege was based, at least in part, on a recognition that "[e]ffective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 10. The privilege also "serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." *Id.* at 11.

Here, Defendants do not suggest that federal law does not recognize the psychotherapist-patient privilege. Rather, Defendants maintain that Plaintiff waived the privilege by putting her emotional health at issue in this case, as evidenced by her deposition testimony in which she stated that following her husband's accident she visited Dr. Secrist and was prescribed medication because she was "overwhelmed with [her] situation." Plaintiff maintains that she has not waived the privilege because she is not seeking to recover the costs of the treatment provided by Dr. Secrist, nor is she seeking to introduce statements made to or by Dr. Secrist as evidence of liability or damages. Rather, Plaintiff states that she is only making a claim for loss of consortium and not for emotional distress. Thus, the question presently before the Court is whether, under these circumstances, Plaintiff has waived the psychotherapist-patient privilege.

Following *Jaffe*, the Supreme Court intended for the lower courts to establish the parameters of the psychotherapist-patient privilege and the situations in which a party will be found to have waived

1  the privilege. Indeed, the Supreme Court stated that "it is neither necessary nor feasible to delineate [the
2  privilege's] full contours in a way that would 'govern all conceivable future questions in this area.'" *Id.*
3  at 18 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981)). Since *Jaffe*, as Plaintiff
4  recognizes, the courts have taken two primary approaches to waiver, with some courts opting for a broad
5  approach and others opting for a narrow approach. Citing to *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636
6  (N.D. Cal. 2003),[1] Plaintiff requests that the Court follow the narrow approach. However, this Court
7  follows the broad approach.

8  In *Fritsch v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999), this Court followed the
9  broad view of waiver. In so doing, the Court "conclud[ed] that a plaintiff who seeks to recover for
10 emotional distress damages is relying on her emotional condition as an element of her claim." *Id.* In
11 *Fritsch*, the Court recognized that the psychotherapist-patient privilege generally allows a plaintiff "to
12 keep confidential all of her conversations with her therapist," but, in that case, the plaintiff had "waived
13 that privilege by seeking compensatory damages for injuries to her emotional health." *Id.* at 569. This
14 Court further recognized "that the plaintiff has the choice to keep his communications with his therapist
15 private by controlling the particular relief sought in the litigation." *Id.*

16 Here, Plaintiff has filed a very limited action in which she alleges only a single cause of action
17 for loss of consortium. Plaintiff does not assert a cause of action involving a specific psychiatric injury
18 or disorder, nor does she seek damages for emotional distress, medical expenses or lost wages associated
19 with her psychotherapy treatment. In limiting the relief she seeks to damages for loss of consortium,
20 Plaintiff chose to keep her communications with Dr. Secrist private. She also elected to limit the type
21 of evidence that she will be able to present in support of her loss of consortium claim. "The concept of
22 consortium includes not only loss of support or services; it also embraces such elements as love,
23 companionship, comfort, affection, society, sexual relations, the moral support each spouse gives the
24 other through the triumph and despair of life, and the deprivation of a spouse's physical assistance in
25 operating and maintaining the family home." *Ledger v. Tippitt*, 164 Cal. App. 3d 625, 633 (1985)

---

27  [1]The court in *Fitzgerald* outlined the differences between the two approaches as follows: "Under
the broad approach, courts have held that a simple allegation of emotional distress in a complaint
constitutes waiver. (Citations omitted.) Under the narrow approach, at the other end of the spectrum,
28 courts have held that there must be an affirmative reliance on the psychotherapist-patient
communications before the privilege will be deemed waived." 216 F.R.D. at 636.

(*disapproved on other grounds by Elden v. Sheldon*, 46 Cal. 3d 267, 277, (1988)). Plaintiff is not seeking to recover for any emotional distress or mental anguish, even if the accident to her husband and alleged loss of consortium that followed did in fact result in emotional distress for which Plaintiff was treated by Dr. Secrist. In other words, Plaintiff is seeking to recover damages for that which her husband can no longer provide her, not for the emotional distress that such loss may have caused.

Pursuant to *Jaffe*, confidential communications between a licensed psychotherapist and a patient are privileged and must be protected unless the privilege is waived or germane to the underlying cause of action. Because this Court finds that Plaintiff's assertion of a cause of action for loss of consortium does not waive this privilege, Defendants' subpoena to Dr. Secrist is properly quashed in order to protect against the disclosure of Plaintiff's privileged treatment records.

In reaching this conclusion, the Court notes that neither case relied upon by Defendants suggests a different result. Not only was the *Price* decision arrived at prior to the Supreme Court's holding in *Jaffe*, but *Price* utilized a balancing test of relevancy versus privacy interest that was expressly rejected in *Jaffe*. *Jaffe*, 518 U.S. at 19 ("We reject the balancing component of the privilege implemented by [some courts]. Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege.").

In *Aguilar*, not only was the plaintiff making a claim for loss of consortium, but she was also "seeking medical expenses and lost wages which renders any medical treatment she received as a result of the incident relevant and discoverable." 2009 U.S. Dist. LEXIS, at *13-14. Moreover, evidence of the plaintiff's drug use and its effect on her marital relationship placed the treatment records at issue with respect to the loss of consortium claim. *Id.* at *14-15. These factors are not present in the instant action.

///

///

///

///

///

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court orders that Plaintiff's Ex Parte Motion to Quash Subpoena to Psychotherapist is hereby **GRANTED**.

**IT IS SO ORDERED.**

DATED: May 11, 2012

_____
DAVID H. BARTICK
United States Magistrate Judge