1  G. GEOFFREY ROBB  (131515)
   CHELSEA D. YUAN  (240559)
2  GIBSON ROBB & LINDH LLP
   201 Mission Street, Suite 2700
3  San Francisco, California  94105
   Telephone: (415) 348-6000
4  Facsimile:  (415) 348-6001
   Email: grobb@gibsonrobb.com
5          cyuan@gibsonrobb.com

6  Attorneys for Specially Appearing
   DAVID MARQUEZ

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 STEVEN CAMPBELL, an individual; and   )   Case No.  **10-CV-1821-JM (DHB)**
   CARLOTA FRANKLIN-CAMPBELL, an         )
12 individual.                            )   **MEMORANDUM OF POINTS AND**
                                          )   **AUTHORITIES IN SUPPORT OF DAVID**
13               Plaintiffs,              )   **MARQUEZ'S MOTION TO DISMISS**
                                          )   **PLAINTIFFS' FIRST AMENDED**
14 v.                                     )   **COMPLAINT WITH PREJUDICE**
                                          )   **PURSUANT TO FEDERAL RULES OF**
15 WILLIAM LOGUE, an individual and as a  )   **CIVIL PROCEDURE 12(b)(2) AND**
   Trustee for the Sears/Logue Revocable  )   **12(b)(5)**
16 Trust; THE SEARS/LOGUE REVOCABLE       )
   TRUST; DAVID MARQUEZ, an               )   ――――――――――――――――――――
17 individual; MIKELSON YACHTS, INC., a   )
   California Corporation; NAN YA         )   **Date:        July 13, 2012**
18 PLASTICS CORPORATION, a Foreign        )   **Time:        11:30 a.m.**
   Corporation; and NAN YA PLASTICS       )   **Courtroom:  16**
19 CORPORATION, a Delaware Corporation.   )
                                          )
20               Defendants.              )
                                          )
21 ─────────────────────────────────────  )
                                          )
22 AND ALL RELATED CROSS-ACTIONS          )
   ─────────────────────────────────────  )

23 I.    **INTRODUCTION**

24        David Marquez specially appears in this action for the sole purpose of moving this Court to

25 dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction and insufficient service

26 of process.  David Marquez possesses no contacts with the State of California sufficient to subject

27 him to personal jurisdiction in a California federal court.  Marquez is a Mexican resident and citizen

28 without a Mexican passport or visa for traveling to the United States.  Marquez was hired on a part-

1  time basis to captain the Andale, a luxury sport fisher boat, in Cabo San Lucas, Mexico, by

2  Defendant William Logue.  Marquez never captained the Andale in U.S. waters.  On the date of the

3  incident in question, he captained the Andale on a day fishing trip which left from and returned to

4  Cabo San Lucas.  When Plaintiff Steven Campbell fell on the Andale, the incident which forms the

5  basis for this action, the boat was in Mexican waters.

6      In addition to lacking personal jurisdiction, the plaintiffs also failed to properly effect service

7  of process of the amended complaint under the Hague Convention, thus providing a separate and

8  independent basis to support dismissal of plaintiffs' action.  This case has been pending for almost

9  two years, and Plaintiffs' failure to serve Marquez has been used to delay the progress of litigation.

10  Defendants want to move this case forward and therefore David Marquez asks that the Court address

11  both the personal jurisdiction issues and service problems at this time.

12  **II.   PROCEDURAL BACKGROUND**

13      Plaintiff Steven Campbell is seeking damages for personal injuries suffered after he fell while

14  marlin fishing on the bow of the Andale in Cabo San Lucas, Mexico, on December 7, 2008.

15  Plaintiffs filed their initial complaint on August 31, 2010, naming David Marquez, William Logue,

16  the Sears/Logue Revocable Trust, and Mikelson Yachts, Inc., as defendants.  Plaintiffs filed their

17  First Amended Complaint on July 20, 2011.  According to Plaintiffs' Status Report on Service of

18  Summons and Complaint, filed with the Court on February 8, 2012, Plaintiffs first attempted service

19  on David Marquez through the Hague Convention in February 2011.  Plaintiffs' Status Report

20  included a forty-five (45) page document identified as, "A true and correct copy of the fourth and

21  last request for service of process pursuant to the Hague Convention sent on August 2, 2011..."

22  (Declaration of Adriana Gutierrez-Herrera in Support of Plaintiff's Status Report on Service of

23  Summons and Complaint filed on February 8, 2012.)

24      On April 20, 2012, counsel for Defendant William Logue learned that documents related to

25  this lawsuit had been left at Marquez's house. (Declaration of G. Geoffrey Robb, hereinafter "Robb

26  Decl.," ¶ 3.)  Plaintiffs have not filed a proof of service, but Marquez faxed the documents which

27  were left at his home to Logue's counsel. (*See*, Exhibit A attached to Robb Decl.)  The fax consisted

28  of sixteen (16) pages which counsel for Defendant understood to be all of the papers received by

1    Marquez.  The documents consist primarily of an English copy of Plaintiffs' First Amended

2    Complaint.  The documents do not contain all referenced exhibits and none of the documents are in

3    Spanish. (Robb Decl., ¶ 4.)

4    **III.     THE PARTIES / FACTUAL BACKGROUND**

5         Plaintiffs Steven Campbell and Carlota Franklin-Campbell are residents of San Diego,

6    California.  Defendant William Logue is also a resident of San Diego, and Defendant Mikelson

7    Yachts is a business in San Diego.  Defendant Bluewater Yachts is a Taiwanese company.  All of

8    these defendants are actively involved in the litigation and have participated in depositions, vessel

9    inspections, and extensive written discovery over the last fifteen (15) months.

10        Plaintiff fell when he was marlin fishing in Cabo San Lucas on the bow of the Andale.  He

11   was fishing with Logue and Robert Garavello.  The Andale was owned by the Sears/Logue

12   Revocable Trust and captained by David Marquez.  As set forth in a sworn statement by David

13   Marquez, Marquez lives in Cabo San Lucas, Mexico, and is a Mexican citizen. (See, Sworn

14   Statement of David Marquez attached as Exhibit B to Robb Decl., hereinafter "Marquez Statement.")

15   He has been working and fishing in Cabo San Lucas for thirty-five (35) years.  He currently works

16   as a captain in Cabo San Lucas.  He worked part-time for William Logue as captain of the Andale

17   for a few years until the boat was sold in early 2011.  He was hired by William Logue in Cabo San

18   Lucas.  At the time of Plaintiff's fall, the Andale was fishing for marlin in Mexican waters.  The

19   fishing trip that day left from and returned to port in Cabo San Lucas.

20        David Marquez has no contacts with California.  According to his sworn statement, he never

21   captained the Andale in U.S waters.  He has never advertised his services as captain in California.

22   He does not own any land in California, nor does he have a bank account in California.  He stopped

23   working for Logue when the Andale was sold in early 2011.  The reality is that travel to California

24   for this case is currently not possible for Marquez, because his Mexican passport expired in 2004.

25   Travel to California may never be possible for him, because he does not have a visa to travel to the

26   United States.  He tried to obtain a visa once but was not able to obtain one.  In addition, Marquez

27   will add nothing to this case.  The deckhand on the Andale, who was on the bow and witnessed

28   Plaintiff's fall, testified in deposition that David Marquez did not see Plaintiff fall. (Deposition of

1   Andy Marquez, 120:20-121:11, attached as Exhibit C to Robb Decl.)

2        Based on Marquez's lack of contacts with California, he now specially appears to ask the

3   Court to dismiss Plaintiffs' First Amended Complaint with prejudice for lack of personal

4   jurisdiction.  He further asks the Court to dismiss the complaint on the grounds that Plaintiffs' failed

5   to effect proper service of process under the Hague Convention.

6   **IV.    LAW AND ARGUMENT**

7        **A.    Plaintiffs have the burden to prove general or specific jurisdiction over David**
        **Marquez.**
8

9        In the absence of traditional bases of personal jurisdiction (physical presence in the forum

10  state, domicile in the forum state, or consent to personal jurisdiction in the forum state) due process

11  requires that a defendant have "certain minimum contacts with [the forum state] such that the

12  maintenance of the suit does not offend traditional notions of fair play and substantial justice."

13  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  A party may raise the defense of

14  lack of personal jurisdiction by filing a motion to dismiss.  *See* Fed. R. Civ. P. 12(b)(2).

15       Federal courts have powers of personal jurisdiction as broad as the courts of the state in

16  which they are located, but no broader; they cannot assert jurisdiction over defendants who lack

17  sufficient "contacts" with the forum state.  *See* Fed. R. Civ. Proc. 4(k)(1)(A); *see also Omni Capital*

18  *Int'l, Ltd. v. Rudolf Wolff & Co.*, Ltd., 484 U.S. 97, 104-105 (1987).  California courts must assert

19  jurisdiction consistent with the federal and state constitutions.  Cal. Code of Civ. Proc. § 410.10.

20  A California court's "assertion of personal jurisdiction over a nonresident defendant who has not

21  been served with process within the state comports with the requirements of the due process clause

22  of the federal Constitution if the defendant has such minimum contacts with the state that the

23  assertion of jurisdiction does not violate 'traditional notions of fair play and substantial justice.'"

24  *Paneno v. Centres for Academic Programmes Abroad Ltd.*, 118 Cal. App. 4th 1447, 1455 (2004).

25       The plaintiff bears the burden of establishing the "minimum contacts" necessary to exercise

26  jurisdiction over an out-of-state defendant such as Marquez.  *Ziegler v. Indian River County*, 64 F.3d

27  470, 473 (9th Cir. 1995).  "When a nonresident defendant challenges personal jurisdiction, the

28  burden shifts to the plaintiff to demonstrate, by a preponderance of the evidence, that all necessary

1   jurisdictional criteria have been met." *Paneno*, 118 Cal. App. 4th at 1454 (citing *Jewish Def. Org.,*

2   *Inc. v. Superior Court*, 72 Cal. App. 4th 1045, 1054-55 (1999)).  "The plaintiff can meet this burden

3   only by the presentation of competent evidence in affidavits or declarations and authenticated

4   documentary evidence." *Id*.

5       There are two prongs to the "minimum contacts" analysis.  First, where a defendant's contacts

6   with the forum state are "continuous and systematic," a court can exercise general jurisdiction over

7   the defendant in any lawsuit, even when the contacts are entirely unrelated to the subject matter of

8   the lawsuit.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 n.9 (1984).

9   Second, some lesser level of contacts will enable a court to exercise specific jurisdiction over the

10  defendant in a lawsuit arising out of those specific contacts.  *Id*. at 414-15 n.8.  "Whether specific

11  jurisdiction exists turns on an evaluation of the nature and quality of the defendant's contacts in

12  relation to the cause of action." *Warn v. M/Y Maridome*, 961 F. Supp. 1357, 1369 (S.D. Cal. 1997),

13  citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F. 2d 1280, 1287 (9th Cir. 1977).

14  To sustain this burden requires proof that the claim arose out of the defendant's forum related

15  activities and the defendant purposefully availed itself of the privilege of conducting business

16  activities in the forum state. *Gonzalez Corp. v. Consejo*, 614 F.2d 1247, 1251 (9th Cir. 1980); *Fields*

17  *v. Sedgwick*, 796 F.2d 299, 301 (9th Cir. 1985).

18      The Ninth Circuit has established a three-prong test to determine when a state may

19  constitutionally exercise specific jurisdiction over a defendant.  *Brand v. Manlove Dodge*, 796 F.2d

20  at 1070, 1073 (9th Cir. 1984).   The three prongs are: (1) the non-resident defendant must

21  purposefully direct his activities or consummate some transaction with the forum or resident thereof,

22  to perform some act by which he purposefully avails himself of the privilege of conducting activities

23  in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one

24  which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

25  jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Boschetto*

26  *v . Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  If the plaintiff fails to satisfy either of the first two

27  prongs, "the jurisdictional inquiry ends and the case must be dismissed." *Menken v. Emm*, 503 F.3d

28  1050, 1057 (9th Cir. 2007).

"The requirement that the defendant do some act purposefully to avail himself of the laws of the forum state ensures that a person is not haled into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties." *Brand*, 796 F.2d at 1074. The California Supreme Court has instructed that this inquiry must focus on the defendant's intentionality. *Pavlovich*, 29 Cal. 4th 262, 269 (2002), quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The prong is only violated when the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thereby giving him clear notice and expectation that he will be subjected to that state's jurisdiction. *Id.*

**B.      David Marquez does not possess sufficient contacts with California to support this Court's exercise of personal jurisdiction.**

Marquez has no contacts with California and is not subject to either general or specific jurisdiction in this action.  Plaintiffs' First Amended Complaint admits that Marquez is a "resident of Mexico." By Marquez's sworn statement, he does not have a bank account in California, nor does he own property in California.  He has never captained the Andale in U.S. waters, and the incident fishing trip took place in Mexican waters.  He does not have a passport or visa to travel to the U.S., and he has never advertised his services as a captain in California.  He has no contacts with California, other than the fact that Logue, who hired him in Cabo San Lucas to be a part-time captain, happened to be from California.  As he clearly lacks "continuous and systematic" contacts with California, he cannot be subject to general jurisdiction.

Specific jurisdiction is equally inapplicable because Marquez has not purposely availed himself of the laws of California.  He never captained the Andale in U.S. waters, nor has he ever advertised as a captain in California.  He was hired by Defendant Logue in Cabo San Lucas as a part-time captain.  It was entirely incidental that Plaintiff Steven Campbell is a California resident.  It is patently unreasonable to suggest that Marquez is subject to the jurisdiction of the home state of any person who steps foot on a boat in Mexico which he is to captain.  There was no relationship between Marquez and Plaintiff Steven Campbell, who was simply fishing with on Logue's boat on the date of the incident.

/ / /

1    To satisfy the second prong, the plaintiff must show that he would not have suffered an injury

2    "but for" Marquez's California-related conduct. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075

3    (9th Cir. 2001); *Menken*, 503 F.3d at 1058. Under this test, a defendant cannot be haled into court

4    for activities unrelated to the cause of action in the absence of a showing of substantial and

5    continuous contacts sufficient to establish general jurisdiction. *See e.g., Scott v. Breeland,* 792 F.2d

6    925, 928 (9th Cir.1986) (an assault on a flight attendant occurring in a plane on the ground in Reno

7    does not arise out of a defendant's musical performances or sales of records or tapes in California);

8    *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1254

9    (9th Cir.1980) (visits to California by a defendant's representatives to execute formal documents in

10   prior transactions do not support the exercise of jurisdiction over a cause of action relating to

11   subsequent, unrelated transactions). Marquez has no California-related conduct, and even if he did,

12   Plaintiff Steven Campbell's fall on a fishing boat in Mexican waters was entirely unrelated to

13   California.

14   **C.    Even if Plaintiffs could meet the first two prongs of the Ninth Circuit test, the**
15   **undisputed evidence shows that exercising specific jurisdiction over David Marquez would be unreasonable.**

16   In addition to showing that sufficient minimum contacts do not exist, the undisputed evidence

17   also shows that exercising jurisdiction over Marquez would be unreasonable as a matter of law, thus

18   violating the due process clause of the Fourteenth Amendment. *See Fields*, 796 F.2d at 302; *Asahi*

19   *Metal Industry Co. v. Sup. Ct.*, 480 U.S. 102, 113 (1987). In determining "reasonableness," the

20   courts consider the following factors: (1) the burden on defendant to defend in the forum; (2) the

21   forum state's interest in the dispute; (3) the extent of conflict with the sovereignty of the defendants'

22   state; (4) the most efficient judicial resolution of the controversy; (5) the extent of defendant's

23   purposeful interjection into the chosen forum; (6) the importance of the forum to plaintiff's interest

24   in convenient and effective relief; and (7) the existence of an alternative forum. *Fields*, 796 F.2d at

25   302; *Core-Vent Corp. v. Nobel Inds. AB*, 11 F.3d 1482, 1486-1487 (9th Cir. 1994). Application of

26   these factors overwhelmingly demonstrates that it would be unreasonable to force David Marquez

27   to litigate this case in California.

28   / / /

1    **1.    Litigating the case in California imposes a significant burden, if not**
      **actual impossibility for David Marquez.**

2

3         In assessing "reasonableness", the "unique burdens" placed upon a foreign national defending

4    itself locally should be given "significant weight." *Asahi*, 480 U.S. at 114; *Amoco Egypt Oil Co. v.*

5    *Leonis Navigation Co.*, 1 F.3d 848, 852 (9th Cir. 1993).  Here, as with the foreign defendants in

6    *Fields* (British defendant), *Asahi* (Japanese defendant), and *Amoco* (Philippine defendant), the

7    burden on David Marquez is considerable.  Marquez resides in Mexico and possesses no connections

8    with California.  Marquez has never advertised as a captain in California and does not have a bank

9    account or property in California.  Plaintiff's fall took place on a marlin fishing boat in Mexican

10   waters on a fishing trip that originated and ended in Cabo San Lucas, Mexico.  Marquez does not

11   have a current Mexican passport and has never had a visa to travel to the United States.  He tried to

12   obtain a visa once but was not able to do so.  Travel to the United States may be an actual

13   impossibility for Marquez.

14    **2.    Any interest California possesses in this case is satisfied by the pending**
      **litigation with California defendants.**

15

16        When "the defendant is from a foreign nation rather than another state, the sovereignty barrier

17   is high and undermines the reasonableness of personal jurisdiction"  *Amoco*, 1 F.3d at 852 *citing*

18   *Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1330 (9th Cir.1985).  Here, the

19   incident fishing trip took place in Mexican waters.  Marquez has been working and fishing in Cabo

20   San Lucas for thirty-five (35) years.  He was hired part-time as the captain of the Andale in Cabo San

21   Lucas and never captained the Andale in U.S. waters.  The fact that the plaintiffs are residents of San

22   Diego does not change the fact that Marquez has no connection to California.  California's interest

23   in Plaintiffs' claims is wholly satisfied by their pending litigation against California defendants,

24   specifically the Sears/Logue Revocable Trust, William Logue, and Mikelson Yachts.  Litigation is

25   also pending against Bluewater Yachts, a Taiwanese company who has appeared in the case.

26        Mexico has a strong interest in interpreting its own laws and customs and protecting its

27   residents and visitors, yet Plaintiffs chose not to sue in Mexico.  Forcing Marquez to adjudicate the

28   case in California thus interferes with Mexican sovereignty by depriving it of the ability to resolve

1   disputes involving its subjects in its own courts.  As *Fields* and *Amoco* make clear, such a result is

2   unreasonable as a matter of law.

3              **3.**      **David Marquez did not purposefully inject himself into California.**

4         The purposeful interjection inquiry parallels the question of minimum contacts.  *Amoco*,  1

5   F.3d at 952.  As set forth above, the undisputed facts demonstrate that sufficient minimum contacts

6   do not exist to support exercise of personal jurisdiction over David Marquez.  He was working part-

7   time as the captain of the Andale when Plaintiff Steven Campbell boarded the boat in Cabo San

8   Lucas on December 7, 2008.  Marquez never captained the boat in U.S. waters and never advertised

9   in California.  He did nothing to inject himself into California, and any connection between him and

10   the plaintiffs is purely incidental.

11              **4.**      **Mexico may be the only possible forum for resolution of Plaintiffs'**

12                      **claims against Marquez.**

13         Application of the law of a foreign nation diminishes the efficiency of proceeding in the

14   forum state.  *Amoco*, 1 F.3d at 852.  Here, Mexico has an interest in the case because the incident

15   occurred in Mexico, and Plaintiffs are trying to sue a Mexican citizen, but they chose not to sue in

16   Mexico.  The reality is that Mexico may be the only possible forum for Plaintiffs' claims against

17   Marquez because Marquez does not have a Mexican passport and does not have a visa to travel to

18   the United States.  He tried to obtain a visa once but was unable to do so.  Travel to the United States

19   to defend himself in this case may be an actual impossibility.  Therefore, possibly the only, and

20   therefore most efficient, resolution of Plaintiffs' claims against Marquez lies in Mexico.

21              **5.**      **Plaintiffs' current pending litigation in California will satisfy the need**

22                      **for convenience and effective relief, and Mexico provides an alternative**
                     **forum for any claims against David Marquez.**

23         The current case was filed by Plaintiffs in August 2010.  Their first amended complaint was

24   filed in July 2011.  The case in California federal court has been pending over for almost two years

25   with multiple depositions, vessel inspections, extensive written discovery, and exchange of expert

26   reports.  Non-expert discovery closed on April 27, 2012, and the final rebuttal expert reports are due

27   on May 14, 2012.  Marquez's absence from the litigation has in no way been an impediment to the

28   progress of the litigation.  Plaintiffs, who are San Diego residents, are engaged in litigation against

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID MARQUEZ'S MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(5)
Case No. 10-CV-1821-JM (DHB); Our File No. 8002.78        - 9 -

four participating defendants, thereby satisfying the need for convenient and effective relief on their claims.  Should they have viable claims to pursue against David Marquez, Mexico provides an alternative forum, as the incident occurred in Mexican waters and Marquez resides in Mexico. Plaintiffs first named Marquez as a defendant in May 2010 and therefore have had ample time to pursue him in a Mexican court had they chosen to do so.

In sum, all factors weigh against this Court's exercise of personal jurisdiction over David Marquez.  The undisputed evidence also shows that exercising jurisdiction over Marquez would be unreasonable.  Personal jurisdiction therefore does not exist as a matter of law.

**D.    Plaintiffs failed to properly effect service of process under the Hague Convention.**

In addition to failing to establish personal jurisdiction, the plaintiffs failed to serve the amended complaint properly pursuant to the Hague Convention.  International service must be completed through the Hague Convention. *Volkswagenwerk Atktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Plaintiffs' status report filed in February 2012 explained in great detail their efforts to serve Marquez pursuant to the Hague Convention and attached the documents to be served.  The documents provided by David Marquez were in English and failed to include all of the documents listed.  Plaintiffs' failure to properly effect service of process thus provides a separate and independent basis to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(5).

**V.    CONCLUSION**

For the foregoing reasons, David Marquez respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Respectfully Submitted,

Dated: May 11, 2012                     GIBSON ROBB & LINDH LLP


By: S/ G. GEOFFREY ROBB
          G. Geoffrey Robb
          grobb@gibsonrobb.com
          Attorneys for Specially Appearing
          DAVID MARQUEZ