UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMPBELL, an individual; and CARLOTA FRANKLIN-CAMPBELL, an individual. <br><br> Plaintiffs, <br> vs. <br><br> WILLIAM LOGUE, an individual and as a Trustee for The Sears/Logue Revocable Trust ; THE SEARS/LOGUE REVOCABLE TRUST; DAVID MARQUEZ, an individual; and MIKELSON YACHTS, INC., a California Corporation; NAN YA PLASTICS CORPORATION, a Foreign Corporation; and NAN YA PLASTICS CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No. 10-cv-1821-JM-DHB <br><br> **ORDER DENYING MOTION TO DISMISS** |

**I. BACKGROUND**

In August of 2010, Plaintiffs filed a complaint in this court based on an injury sustained by Plaintiff Steven Campbell while he was the passenger on a fishing boat (the "Andale") traveling off the southern tip of Baja California, Mexico. Plaintiffs sued William Logue (the boat's owner), David Marquez (the boat's captain), and several other entities. The first amended

1  complaint contains five causes of action: two for negligence, two for product liability, and one
2  for loss of consortium.
3      Defendant David Marquez ("Marquez") filed this motion to dismiss under Fed. R.
4  Civ. B. 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (insufficient service of process).  For
5  the reasons stated below, the motion is DENIED.

## II.  LEGAL STANDARD AND DISCUSSION

### A. Personal Jurisdiction

8      Marquez's motion discusses the legal standard for personal jurisdiction and argues that he
9  is not subject to the general or specific jurisdiction of this court because he is a citizen of Mexico
10 and has essentially no contacts with San Diego or California as a whole.  Plaintiffs' opposition to
11 the jurisdictional argument is almost entirely based on the contention that the captain of a U.S.
12 flagged vessel is automatically subject to personal jurisdiction.
13     In order to secure personal jurisdiction over a defendant in a manner consistent with due
14 process,[1] a federal court must ensure he has "certain minimum contacts with it such that the
15 maintenance of the suit does not offend traditional notions of fair play and substantial justice."
16 <u>International Shoe Co. v. State of Washington, Office of Unemployment Compensation and
17 Placement</u>, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).
18     The court has personal jurisdiction over Marquez in this case, established by his position
19 as a captain of a U.S. flagged vessel.  A basic principle of international law "generally prohibits
20 any country from asserting jurisdiction over foreign vessels on the high seas," but "such vessels
21 are normally considered within the exclusive jurisdiction of the country whose flag they fly."
22 <u>United States v. Marino-Garcia</u>, 679 F.2d 1373, 1380 (11th Cir. 1982).  <u>See</u> <u>also</u> <u>United States v.
23 Hensel</u>, 711 F.2d 1000, 1002-03 (11th Cir. 1983).  Though the case on which Plaintiffs rely,

---

[1]     California law allows its courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Code. Civ. Proc. § 410.10.

1  Lauritzen v. Larsen, 345 U.S. 571 (1953) addresses choice of law, its language supports
2  Plaintiffs' argument that a ship's flag state is of principal importance for determining
3  jurisdictional questions.  The court finds that by voluntarily serving as captain of the Andale, a
4  U.S. flagged vessel with a hailing port of San Diego, Marquez has sufficient contacts with
5  California to allow a case against him in this court without violating due process.

**B. Service**

Marquez also makes a terse argument that he should be dismissed because Plaintiffs improperly served him under the Hague Convention.  However, as pointed out by Plaintiffs, courts generally decline to "look behind the certificate of service" when the relevant authority of the country effecting service has certified service under their own procedures.  Northrup King Co., v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1390 (8th Cir. 1995).  Here, the Mexican Central Authority has certified service; Marquez's counsel's statements concerning the contents of the facsimile he received from Marquez are insufficient to further frustrate the progress of this litigation.

**III. CONCLUSION**

For the reasons stated above, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

DATED: August 3, 2012

Jeffrey T. Miller
United States District Judge