# Exhibit  E

1  SCUDI JOHNSON & AYERS, LLP
   Morgan J.C. Scudi (#147942)
2  J. Ray Ayers (# 217706)
   5440 Morehouse Drive, Suite 4400
3  San Diego, CA 92121
   (858) 558-1001
4
   Attorneys for Plaintiffs
5

6

7              UNITED STATES DISTRICT COURT

8            SOUTHERN DISTRICT OF CALIFORNIA

9

10 STEVEN CAMPBELL, an individual; and        CASE NO. 10-CV-1821-JM-POR
   CARLOTA FRANKLIN-CAMPBELL, an
11 individual.

12              Plaintiffs,                    RESPONSE TO DEFENDANT WILLIAM
                                              LOGUE'S    INTERROGATORIES   TO
13 v.                                          PLAINTIFF STEVEN CAMPBELL

14 WILLIAM LOGUE, an individual and as a
   Trustee for The Sears/Logue Revocable Trust ;
15 THE SEARS/LOGUE REVOCABLE TRUST;            (SET NO. ONE)
   DAVID MARQUEZ, an individual;
16 MIKELSON YACHTS, INC., a California
   Corporation; BLUEWATER YACHT
17 BUILDERS, LTD., a Foreign Corporation; YA
   PLASTICS CORPORATION, a Foreign
18 Corporation; and NAN YA PLASTICS
   CORPORATION, a Delaware Corporation
19
                Defendants.
20
   AND RELATED CROSS-ACTIONS.
21

22

23

24

25

26

27

28

                              1

1    **PROPOUNDING PARTY:**   Defendant WILLIAM LOGUE

2    **RESPONDING PARTY:**   Plaintiff STEVEN CAMPBELL

3    **SET:**                ONE

4        Plaintiff/Counter-Defendant STEVEN CAMPBELL for its Answer to Defendant/Counterclaimant

5    WILLIAM LOGUE'S Interrogatories, hereby responds as set forth below.

6    **PRELIMINARY STATEMENT**

7        This Responding Party has not fully completed its investigation of the facts relating to this case,

8    has not completed discovery in this action, has not completed preparation for trial.  All responses

9    contained herein are based only upon such information as is presently available to and specifically known

10   by this Responding Party. The Responding Party discloses only those conclusions and contentions which

11   presently occur to this Responding Party.  It is anticipated that further discovery, pending investigation,

12   legal research and analysis will supply additional facts, add meaning to the known facts, and may

13   establish entirely new factual conclusions and legal contentions, all of which may lend substantial

14   additions to, changes in, and variations from the responses herein set forth.

15       The following responses are given without prejudice to or waiver of Responding Party's right to

16   introduce evidence of subsequently discovered and developed conclusions or contentions.  The response

17   contained herein are made in a good faith effort to supply as much factual information and as much

18   specification of legal contentions as is presently known but should in no way be to the prejudice of this

19   Responding Party.

20       This Responding Party objects generally and specifically to these Special Interrogatories to the

21   extent that they seek disclosure of information protected by the attorney work product immunity, the

22   attorney-client privilege, and trade secret or proprietary information privileges or request information not

23   within the Responding Party's knowledge.  All responses provided below are subject to and without

24   prejudice to or waiver of these and any other applicable objections.

25       This Responding Party makes each of these responses solely for the purpose of, and in relation

26   to, this case. This preliminary statement is incorporated, to the extent applicable, in each of the following

27   responses.

28   ///

2

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Factually, what do YOU contend was the cause of the INCIDENT referred to in YOUR complaint?

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. This Interrogatory is vague and ambiguous as to the term "INCIDENT" referred to in this Interrogatory, and calls for speculation as to its meaning. Objecting further, this Interrogatory is vague and ambiguous as to Propounding Party's definition of "YOU" and "YOUR" to the extend that it purports to equate Responding Party with its agents, investigators, attorneys and anyone else acting on her behalf. Responding Party will respond for itself and not others. Objecting further, this Interrogatory calls for a legal conclusion on a disputed issue which will be the subject matter of expert opinion testimony that will be developed and presented to the Court as part of the ongoing process of preparing this case for summary judgment or, if necessary, trial. The presentation of expert opinions to the Court will be made by Responding Party according to the timetable governing that issue, and Responding Party therefore reserves the right to respond to this Interrogatory by producing its experts' opinion and supporting papers. Objecting further, Responding Party has previously been deposed and has provided facts regarding the cause of his fall onboard the Andale.

Subject to and without waiving the foregoing objection, Responding Party states that on December 7, 2008, Defendant David Marquez, under the direction and control of William Logue, captained the Andale, which was owned by the Sears/Logue Revocable Trust at the time. The Andale was at sea while Responding Party, Robert Garavello, and Defendant Logue fished for marlin. Responding Party went to the foredeck to fish, which was a common practice for him and others on the Andale. Defendant Marquez was operating the Andale too aggressively for him to fish from the foredeck, and he so informed Logue after he came back to the aft portion of the vessel. Logue responded that he would have Marquez put the Andale in a controlled drift so that Responding Party could fish from the foredeck, while Logue assisted Garavello in cast fishing from the aft deck. Defendant David Marquez called out that he had spotted marlin off the bow of the Andale. With the Andale put into a controlled drift, Responding Party and the mate, Andy Marquez, again went to the fore deck and began casting for marlin.

3

1  Responding Party lost the bait on his initial cast, and the mate handed another rod to Responding
2  Party for casting. The marlin were located on the starboard side of the Andale, and so Responding Party
3  began to move aft down the starboard side of the foredeck. Responding Party was reaching for the railing
4  on the starboard side of the foredeck when, without warning, the Andale went underway aggressively,
5  knocking Responding Party down. The facts that 1) the deck was unreasonably slippery, lacking a proper
6  non-skid surface, and 2) the railing along the deck was too low, contributed to the fall and the severity
7  of Responding Party's injuries.

8  Responding Party landed on his left hip, hit his head, and was unable to rise. Responding Party
9  was in great pain and unable to use his legs. The Andale was stopped, and the Andy Marquez, Garavello,
10 and Logue came to Responding Party's assistance and slid Responding Party to the cockpit and carried
11 him into the salon. The severity of his injuries dictated that the Andale head directly back to port at Cabo
12 San Lucas. The ship-to-shore radio was used to notify Mrs. Responding Party of the accident, and to seek
13 medical care.

14 Upon information and belief, Logue is the trustee of the Sears/Logue Revocable Trust and
15 Defendant Marquez was acting within course and the scope of his employment for the Sears/Logue
16 Revocable Trust at the time in question.

17 Upon information and belief, Defendant Mikelson Yachts is the seller of the Andale, and had it
18 built under contract by Defendant Bluewater Yacht Builders.

19 This Responding Party has not fully completed its investigation of the facts relating to this case,
20 has not completed discovery in this action, has not completed preparation for trial. All responses
21 contained herein are based only upon such information as is presently available to and specifically known
22 by this Responding Party. Thus, Responding Party reserves its right to supplement this response as
23 additional information may become available to this Responding Party.

24 **INTERROGATORY NO. 2:**

25 Please IDENTIFY, with sufficient specificity for a notice to produce and/or subpoena, all
26 DOCUMENTS which relate to the facts in YOUR response to Special Interrogatory No. 1 above.

27 **RESPONSE TO INTERROGATORY NO. 2:**

28 Objection. This Interrogatory is vague and ambiguous as to the phrase "all DOCUMENTS which

4

1  relate to the facts in YOUR response to Special Interrogatory No. 1 above." These terms call for
2  speculation as to their meaning. Objecting further, this Interrogatory is vague and ambiguous as to
3  Propounding Party's definition of "YOUR" to the extend that it purports to equate Responding Party with
4  its agents, investigators, attorneys and anyone else acting on her behalf. Responding Party will respond
5  for itself and not others. Objecting further, this Special Interrogatory is compound and contains subparts
6  seeking information about separate subjects. Objection. This Interrogatory seeks information protected
7  by the attorney client privilege and attorney work product protection. Objecting further, this Interrogatory
8  is overbroad, vague and ambiguous.

9       Subject to and without waiving the foregoing objection, Responding Party identifies documents
10 produced by Defendant Logue and the Sears/Logue Revocable Trust, documents to be produced by
11 Mikelson Yachts and Bluewater Yachtsbuilders, and the documents produced by Plaintiffs in this action.
12 This Responding Party has not fully completed its investigation of the facts relating to this case, has not
13 completed discovery in this action, and has not completed preparation for trial. All responses contained
14 herein are based only upon such information as is presently available to and specifically known by this
15 Responding Party. Thus, Responding Party reserves its right to supplement this response as additional
16 information may become available to this Responding Party.

17 **INTERROGATORY NO. 3:**

18      Please IDENTIFY all persons with personal knowledge of any fact in YOUR response to Special
19 Interrogatory No. 1 above.

20 **RESPONSE TO INTERROGATORY NO. 3:**

21      Objection. This Interrogatory is vague and ambiguous as to the phrase "all persons with personal
22 knowledge of any fact in YOUR response to Special Interrogatory No. 1 above." These terms call for
23 speculation as to their meaning. Objecting further, this Interrogatory is vague and ambiguous as to
24 Propounding Party's definition of "YOUR" to the extend that it purports to equate Responding Party with
25 its agents, investigators, attorneys and anyone else acting on her behalf. Responding Party will respond
26 for itself and not others.

27      Subject to and without waiving the foregoing objection, Responding Party states that David
28 Marquez, Andy Marquez, William Logue, Steven Campbell and Robert Garavello were onboard the

1 Andale on December 7, 2008. The contact information for these individuals has previously been
2 provided and should be known by all parties to this action. This Responding Party has not fully
3 completed its investigation of the facts relating to this case, has not completed discovery in this action,
4 has not completed preparation for trial. All responses contained herein are based only upon such
5 information as is presently available to and specifically known by this Responding Party. Thus,
6 Responding Party reserves its right to supplement this response as additional information may become
7 available to this Responding Party.

8 **INTERROGATORY NO. 4:**

9     Please state in detail each act or omission by or on behalf of Defendant William Logue which
10 YOU contend caused YOUR alleged injury.

11 **RESPONSE TO INTERROGATORY NO. 4:**

12     Objection. This Interrogatory is vague and ambiguous as to Propounding Party's definition of
13 "YOU" and "YOUR" to the extend that it purports to equate Responding Party with its agents,
14 investigators, attorneys and anyone else acting on her behalf. Responding Party will respond for itself
15 and not others. Objecting further, this Interrogatory calls for a legal conclusion on a disputed issue which
16 will be the subject matter of expert opinion testimony that will be developed and presented to the Court
17 as part of the ongoing process of preparing this case for summary judgment or, if necessary, trial. The
18 presentation of expert opinions to the Court will be made by Responding Party according to the timetable
19 governing that issue, and Responding Party therefore reserves the right to respond to this Special
20 Interrogatory by producing its experts' opinion and supporting papers.

21     Subject to and without waiving the foregoing objection, Responding Party states that on December
22 7, 2008, Defendant David Marquez, under the direction and control of William Logue, captained the
23 Andale, which was owned by the Sears/Logue Revocable Trust at the time. The Andale was at sea while
24 Responding Party, Robert Garavello, and Defendant Logue fished for marlin. Responding Party went to
25 the foredeck to fish, which was a common practice for him and others on the Andale. Defendant Marquez
26 was operating the Andale too aggressively for him to fish from the foredeck, and he so informed Logue
27 after he came back to the aft portion of the vessel. Logue responded that he would have Marquez put the
28 Andale in a controlled drift so that Responding Party could fish from the foredeck, while Logue assisted

6

1   Garavello in cast fishing from the aft deck.  Defendant David Marquez called out that he had spotted

2   marlin off the bow of the Andale.  With the Andale put into a controlled drift, Responding Party and the

3   mate, Andy Marquez, again went to the fore deck and began casting for marlin.

4         Responding Party lost the bait on his initial cast, and the mate handed another rod to Responding

5   Party for casting.  The marlin were located on the starboard side of the Andale, and so Responding Party

6   began to move aft down the starboard side of the foredeck.  Responding Party was reaching for the railing

7   on the starboard side of the foredeck when, without warning, the Andale went underway aggressively,

8   knocking Responding Party down.  The facts that 1) the deck was unreasonably slippery, lacking a proper

9   non-skid surface, and 2) the railing along the deck was too low, contributed to the fall and the severity

10   of Responding Party's injuries.

11         Responding Party landed on his left hip, hit his head, and was unable to rise. Responding Party

12   was in great pain and unable to use his legs. The Andale was stopped, and the Andy Marquez, Garavello,

13   and Logue came to Responding Party's assistance and slid Responding Party to the cockpit and carried

14   him into the salon. The severity of his injuries dictated that the Andale head directly back to port at Cabo

15   San Lucas. The ship-to-shore radio was used to notify Mrs. Responding Party of the accident, and to seek

16   medical care.

17         Upon information and belief, Logue is the trustee of the Sears/Logue Revocable Trust and

18   Defendant Marquez was acting within course and the scope of his employment for the Sears/Logue

19   Revocable Trust at the time in question.

20         This Responding Party has not fully completed its investigation of the facts relating to this case,

21   has not completed discovery in this action, and has not completed preparation for trial.  All responses

22   contained herein are based only upon such information as is presently available to and specifically known

23   by this Responding Party.  Thus, Responding Party reserves its right to supplement this response as

24   additional information may become available to this Responding Party.

25   **INTERROGATORY NO. 5:**

26         Please Identify all facts which support YOUR response to Interrogatory No. 4 above.

27   **RESPONSE TO INTERROGATORY NO. 5:**

28         Objection.  This Interrogatory is vague and ambiguous at to its scope an meaning.  The response

7

1 to Interrogatory No. 4 is self-explanatory, and Responding Party is therefore confused as the 'facts'
2 requested in this Interrogatory.

3      Subject to and without waiving the foregoing objection, Responding Party states that, on
4 December 7, 2008, Defendant David Marquez, under the direction and control of William Logue,
5 captained the Andale, which was owned by the Sears/Logue Revocable Trust at the time. The Andale
6 was at sea while Responding Party, Robert Garavello, and Defendant Logue fished for marlin.
7 Responding Party went to the foredeck to fish, which was a common practice for him and others on the
8 Andale. Defendant Marquez was operating the Andale too aggressively for him to fish from the foredeck,
9 and he so informed Logue after he came back to the aft portion of the vessel. Logue responded that he
10 would have Marquez put the Andale in a controlled drift so that Responding Party could fish from the
11 foredeck, while Logue assisted Garavello in cast fishing from the aft deck. Defendant David Marquez
12 called out that he had spotted marlin off the bow of the Andale. With the Andale put into a controlled
13 drift, Responding Party and the mate, Andy Marquez, again went to the fore deck and began casting for
14 marlin.

15      Responding Party lost the bait on his initial cast, and the mate handed another rod to Responding
16 Party for casting. The marlin were located on the starboard side of the Andale, and so Responding Party
17 began to move aft down the starboard side of the foredeck. Responding Party was reaching for the railing
18 on the starboard side of the foredeck when, without warning, the Andale went underway aggressively,
19 knocking Responding Party down. The facts that 1) the deck was unreasonably slippery, lacking a proper
20 non-skid surface, and 2) the railing along the deck was too low, contributed to the fall and the severity
21 of Responding Party's injuries.

22      Responding Party landed on his left hip, hit his head, and was unable to rise. Responding Party
23 was in great pain and unable to use his legs. The Andale was stopped, and the Andy Marquez, Garavello,
24 and Logue came to Responding Party's assistance and slid Responding Party to the cockpit and carried
25 him into the salon. The severity of his injuries dictated that the Andale head directly back to port at Cabo
26 San Lucas. The ship-to-shore radio was used to notify Mrs. Responding Party of the accident, and to seek
27 medical care.

28 ///

RESPONSE TO INTERROGATORIES [SET ONE]

1    Upon information and belief, Logue is the trustee of the Sears/Logue Revocable Trust and
2 Defendant Marquez was acting within course and the scope of his employment for the Sears/Logue
3 Revocable Trust at the time in question.

4    Investigation and discovery are continuing and the Responding Party reserves its right to
5 supplement or amend this response based on newly discovered facts or analysis by experts in this matter.

6 **INTERROGATORY NO. 6:**

7    Please IDENTIFY, with sufficient specificity for a notice to produce and/or subpoena, all
8 DOCUMENTS which relate to the facts in YOUR response to Special Interrogatory No. 4 above.

9 **RESPONSE TO INTERROGATORY NO. 6:**

10    Objection. This Interrogatory seeks information protected by the attorney client privilege and
11 attorney work product protection.  Objecting further, this Interrogatory is overbroad, vague and
12 ambiguous.  Objecting further, this Interrogatory is vague and ambiguous as to Propounding Party's
13 definition of "YOUR" to the extend that it purports to equate Responding Party with its agents,
14 investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond for itself
15 and not others.

16    Subject to and without waiving the foregoing objection, Responding Party identifies documents
17 produced by Defendant Logue and the Sears/Logue Revocable Trust demonstrating ownership of the
18 vessel and the employment status of Defendant Marquez at the time in question.  Responding Party
19 identifies the deposition transcripts in this action.

20    Investigation and discovery are continuing and the Responding Party reserves its right to
21 supplement or amend this response based on newly discovered facts or analysis by experts in this matter.

22 **INTERROGATORY NO. 7:**

23    Please IDENTIFY all persons with personal knowledge of any fact in YOUR response to Special
24 Interrogatory No. 4 above.

25 **RESPONSE TO INTERROGATORY NO. 7:**

26    Objection. This Interrogatory is vague and ambiguous as to Propounding Party's definition of
27 "YOUR" to the extend that it purports to equate Responding Party with its agents, investigators, attorneys
28 and anyone else acting on her behalf.  Responding Party will respond for itself and not others.

9

1    Subject to and without waiving the foregoing objection, Responding Party states that David

2  Marquez, Andy Marquez, William Logue, Steven Campbell and Robert Garavello were onboard the

3  Andale on December 7, 2008.  The contact information for these individuals has previously been

4  provided and should be known by all parties to this action.

5    Investigation and discovery are continuing and the Responding Party reserves its right to

6  supplement or amend this response based on newly discovered facts or analysis by experts in this matter.

7  **INTERROGATORY NO. 8:**

8    State:

9    (a)  the name, address, and telephone number of your present employer or place of self-

10      employment; and

11    (b)  the name, address, dates of employment, job title, and nature of work for each employer

12      or self-employment you have had from 2003 until today.

13  **RESPONSE TO INTERROGATORY NO. 8:**

14    Responding Party has not been an employee or self-employed since 2003.

15  **INTERROGATORY NO. 9:**

16    At the time of the incident did you or any other person have any physical, emotional, or mental

17  disability or condition that may have contributed to the occurrence of the incident? If so, for each person

18  state:

19    (a)  the name, address, and telephone number;

20    (b)  the nature of the disability or condition; and

21    (c)  the manner in which the disability or condition contributed to the occurrence of the

22      INCIDENT.

23  **RESPONSE TO INTERROGATORY NO. 9:**

24    Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

25  speculation as to its meaning. Objecting further, this Interrogatory is vague and ambiguous as to

26  Propounding Party's definition of "YOU" to the extend that it purports to equate Responding Party with

27  its agents, investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond

28  for itself and not others.   Objecting further, this Interrogatory seeks expert opinion from a lay witness.

RESPONSE TO INTERROGATORIES [SET ONE]

1    Subject to and without waiving these objections, Responding Party states that he did not have any

2  physical, emotional, or mental disability or condition that may have contributed to his fall onboard the

3  Andale.  Responding Party is not aware whether Mr. Logue or Mr. Marquez had a physical, emotional,

4  or mental disability or condition that may have contributed to Responding Party's fall onboard the

5  Andale.

6    Investigation and discovery are continuing and the Responding Party reserves its right to

7  supplement or amend this response based on newly discovered facts or analysis by experts in this matter.

8  **INTERROGATORY NO. 10:**

9    Within 24 hours before the INCIDENT, did you or any person involved in the INCIDENT use or

10  take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any

11  kind (prescription or not)?  If so, for each person state:

12    (a)    the name, address, and telephone number;

13    (b)    the nature or description of each substance;

14    (c)    the quantity of each substance used or taken;

15    (d)    the date and time of day when each substance was used or taken;

16    (e)    the address where each substance was used or taken;

17    (f)    the name, address, and telephone number of each person who was present when each

18        substance was used or taken; and

19    (g)    the name, address, and telephone number of any health care provider who prescribed or

20        furnished the substance and the condition for which it was prescribed or furnished.

21  **RESPONSE TO INTERROGATORY NO. 10:**

22    Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

23  speculation as to its meaning. Objecting further, this Interrogatory is vague and ambiguous as to

24  Propounding Party's definition of "YOU" to the extend that it purports to equate Responding Party with

25  its agents, investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond

26  for itself and not others.  Responding Party objects that this Request is duplicative of prior discovery

27  requests, including but not limited to deposition questions previously answered.

28  ////

11

1    Subject to and without waiving these objections, Responding Party states that he has previously
2  been deposed and provided the information requested herein in said deposition.

3    Investigation and discovery are continuing and the Responding Party reserves its right to
4  supplement or amend this response based on newly discovered facts or analysis by experts in this matter.

5  **INTERROGATORY NO. 11:**

6    Do YOU still have any complaints that YOU attribute to the incident?  If so, for each complaint
7  state:

8    (a)    a description;

9    (b)    whether the complaint is subsiding, remaining the same, or becoming worse; and

10    (c)    the frequency and duration.

11  **RESPONSE TO INTERROGATORY NO. 11:**

12    Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT" referred to in this
13  Interrogatory, and calls for speculation as to its meaning. Objecting further, this Interrogatory is vague
14  and ambiguous as to Propounding Party's definition of "YOU" to the extend that it purports to equate
15  Responding Party with its agents, investigators, attorneys and anyone else acting on her behalf.
16  Responding Party will respond for itself and not others.  Responding Party objects that this Request is
17  duplicative of prior discovery requests, including but not limited to deposition questions previously
18  answered.

19    Subject to and without waiving these objections, Responding Party states that he has previously
20  been deposed and provided the information requested herein in said deposition.  Responding Party has
21  continuing hip pain and headaches.  Responding Party will submit to an IME.  Discovery continues.

22    Investigation and discovery are continuing and the Responding Party reserves its right to
23  supplement or amend this response based on newly discovered facts or analysis by experts in this matter.

24  **INTERROGATORY NO. 12:**

25    Did you receive consultation or examination or treatment from health care provider for any injury
26  you attribute to the incident?  If so, for each health care provider state:

27    (a)    the name, address, and telephone number;

28    (b)    the type of consultation, examination, or treatment provided;

12

1     (c)    the dates you received consultation, examination, or treatment; and

2     (d)    the charges and payments to date, including the person or entity that made each payment.

3  **RESPONSE TO INTERROGATORY NO. 12:**

4     Objection. This Interrogatory is vague and ambiguous as to term "incident" referred to in this

5  Interrogatory, and calls for speculation as to its meaning.  Objecting further, this Interrogatory is

6  duplicative of prior discovery requests, and seeks information which has already been provided to

7  Propounding Party.  Objecting further, this Interrogatory would require Responding Party to compile

8  information from medical records, which are equally available and have been provided to Propounding

9  Party.

10     Subject to and without waiving these objections, Responding Party states that the identity of his

11  medical provider, as well as the remaining information sought, can be found in the medical records and

12  bills produced and/or subpoenaed in this action.  Propounding Party can compile the information

13  requested from these documents as easily as Responding Party.

14  **INTERROGATORY NO. 13:**

15     Have you taken any medication, prescribed or not, as a result of injuries that YOU attribute to the

16  incident?  If so, for each medication state:

17     (a)    the name;

18     (b)    the person who prescribed or furnished it;

19     (c)    the date it was prescribed or furnished;

20     (d)    the dates you began and stopped taking it; and

21     (e)    the cost to date.

22  **RESPONSE TO INTERROGATORY NO. 13:**

23     Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

24  speculation as to its meaning.  Objecting further, this Interrogatory is vague and ambiguous as to

25  Propounding Party's definition of "YOU" to the extend that it purports to equate Responding Party with

26  its agents, investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond

27  for itself and not others. Objecting further, this Interrogatory is duplicative of prior discovery requests,

28  and seeks information which has already been provided to Propounding Party. Objecting further, this

13

1 | Interrogatory would require Responding Party to compile information from medical records, which are
2 | equally available and have been provided to Propounding Party.

3 |       Subject to and without waiving these objections, Responding Party states that the identity of his
4 | medical provider, as well as the remaining information sought, can be found in the medical records and
5 | bills produced and/or subpoenaed in this action.  Propounding Party can compile the information
6 | requested from these documents as easily as Responding Party.

7 | **INTERROGATORY NO. 14:**

8 |       Are there other medical services necessitated by the injuries that YOU attribute to the incident that
9 | were not previously listed (for example, ambulance, nursing, prosthetics)?  If so, for each service date
10 | state:

11 |     (a)    the nature;

12 |     (b)    the date;

13 |     (c)    the cost; and

14 |     (d)    the name, address, and telephone number of each provider.

15 | **RESPONSE TO INTERROGATORY NO. 14:**

16 |       Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for
17 | speculation as to its meaning.  Objecting further, this Interrogatory is vague and ambiguous as to
18 | Propounding Party's definition of "YOU" to the extend that it purports to equate Responding Party with
19 | its agents, investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond
20 | for itself and not others.  Objecting further, this Interrogatory is duplicative of prior discovery requests,
21 | and seeks information which has already been provided to Propounding Party.  Objecting further, this
22 | Interrogatory would require Responding Party to compile information from medical records, which are
23 | equally available and have been provided to Propounding Party.

24 |       Subject to and without waiving these objections, Responding Party states that the identity of his
25 | medical provider, as well as the remaining information sought, can be found in the medical records and
26 | bills produced and/or subpoenaed in this action.  Propounding Party can compile the information
27 | requested from these documents as easily as Responding Party.  If there are any additional services not
28 | listed on the medical bills and records produced to date, Responding Party will provide such documents

RESPONSE TO INTERROGATORIES [SET ONE]

1   and/or information to Propounding Party.

2   **INTERROGATORY NO. 15:**

3        Has any health care provider advised that YOU may require future or additional treatment for any

4   injuries that YOU attribute to the incident? If so, for each injury state:

5        (a)     the name and address of each health care provider;

6        (b)     the complaints for which the treatment was advised; and

7        ()      the nature, duration, and estimated cost of the treatment.

8   **RESPONSE TO INTERROGATORY NO. 15:**

9        Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

10  speculation as to its meaning. Objecting further, this Interrogatory is duplicative of prior discovery

11  requests, and seeks information which has already been provided to Propounding Party. Objecting

12  further, this Interrogatory is vague and ambiguous as to Propounding Party's definition of "YOU" to the

13  extend that it purports to equate Responding Party with its agents, investigators, attorneys and anyone else

14  acting on her behalf. Responding Party will respond for itself and not others. Objecting further, this

15  Interrogatory would require Responding Party to compile information from medical records, which are

16  equally available and have been provided to Propounding Party. Objecting further, this Interrogatory

17  seeks information which will be the subject of expert opinion and is premature.

18       Subject to and without waiving these objections, Responding Party states that the identity of his

19  medical provider, as well as the remaining information sought, can be found in the medical records and

20  bills produced and/or subpoenaed in this action. Propounding Party can compile the information

21  requested from these documents as easily as Responding Party. Responding Party will submit to an IME.

22  **INTERROGATORY NO. 16:**

23       Are there any other damages that YOU attribute to the incident? If so, for each item of damage

24  state:

25       (a)     the nature;

26       (b)     the date it occurred;

27       (c)     the amount; and

28       (d)     the name, address, and telephone number of each person to whom an obligation WAS

15

1     INCURRED.

2  **RESPONSE TO INTERROGATORY NO. 16:**

3     Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for
4  speculation as to its meaning.  Objecting further, this Interrogatory is vague and ambiguous as to
5  Propounding Party's definition of "YOU" to the extend that it purports to equate Responding Party with
6  its agents, investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond
7  for itself and not others.  Objecting further, this Interrogatory is vague and ambiguous as to "other
8  damages."  Objecting further, this Interrogatory is duplicative of prior discovery requests, and seeks
9  information which has already been provided to Propounding Party. Objecting further, this Interrogatory
10 seeks information which will be the subject of expert opinion and is premature.

11    Subject to and without waiving these objections, Responding Party states that he has lost income
12 as identified by his tax returns, previously produced in this action.  Propounding Party can compile the
13 information requested from these documents as easily as Responding Party.  Responding Party's lost
14 income will be the subject of expert testimony, and such expert has not yet completed his analysis or
15 provided a written report pursuant to FRCP 26.

16 **INTERROGATORY NO. 17:**

17    Do any documents support the existence or amount of any item of damages claimed in
18 Interrogatory 16?  If so, describe each document and state the name, address, and telephone number of
19 the person who has each document.

20 **RESPONSE TO INTERROGATORY NO. 17:**

21    Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for
22 speculation as to its meaning. Objecting further, this Interrogatory is vague and ambiguous as to "other
23 damages."  Objecting further, this Interrogatory is duplicative of prior discovery requests, and seeks
24 information which has already been provided to Propounding Party. Objecting further, this Interrogatory
25 seeks information which will be the subject of expert opinion and is premature.

26    Subject to and without waiving these objections, Responding Party states that he has lost income
27 as identified by his tax returns, previously produced in this action.  Propounding Party can compile the
28 information requested from these documents as easily as Responding Party.  Responding Party's lost

16

RESPONSE TO INTERROGATORIES [SET ONE]

1   income will be the subject of expert testimony, and such expert has not yet completed his analysis or

2   provided a written report pursuant to FRCP 26. Any documents utilized by Responding Party's damages

3   expert will be produced by Responding Party.

4   **INTERROGATORY NO. 18:**

5       At any time before the incident did you have complaints or injuries that involved the same part

6   of your body claimed to have been injured in the incident? If so, for each state:

7       (a)    a description of the complaint or injury;

8       (b)    the dates it began and ended; and

9       (c)    the name, address, and telephone number of each health care provider whom you

10               consulted or who examined or treated you.

11   **RESPONSE TO INTERROGATORY NO. 18:**

12       Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

13   speculation as to its meaning. Objecting further, this Interrogatory is vague and ambiguous as to which

14   body part it refers.

15       Subject to and without waiving these objections, Responding Party states that he did not have any

16   prior injury to his skull/brain or his hip/pelvis area. Discovery continues.

17   **INTERROGATORY NO. 19:**

18       At any time after the incident, did you sustain injuries to the same part of your body for which you

19   are claiming to have been injured in the INCIDENT? If so, for each time you sustained such an injury

20   after the INCIDENT, state:

21       (a)    the date and the place it occurred;

22       (b)    the name, address, and telephone number of any other person involved;

23       (c)    the nature of any injuries you sustained;

24       (d)    the name, address, and telephone number of each health care provider who you consulted

25               or who examined or treated you; and

26       (e)    the nature of the treatment and its duration.

27   ///

28   ///

1  **RESPONSE TO INTERROGATORY NO. 19:**

2      Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

3  speculation as to its meaning.  Objecting further, this Interrogatory is vague and ambiguous as to which

4  body part it refers.

5      Subject to and without waiving these objections, Responding Party states that he did not have any

6  subsequent injury to his skull/brain or his hip/pelvis area.  Discovery continues.

7  **INTERROGATORY NO. 20:**

8      Identify all categories of lost income that YOU are claiming, including but not limited to any

9  claim for lost earnings, earning capacity, salary, employment, business opportunity, and/or employment

10  opportunity, and for each category please state:

11      (a)     the amount of your claim;

12      (b)     the basis of your claim;

13      (c)     all facts upon which YOU base YOUR claim that the INCIDENT caused the loss YOU

14              are claiming;

15      (d)     all documents that support YOUR claim; and

16      (e)     all persons with personal knowledge to support YOUR claim.

17  **RESPONSE TO INTERROGATORY NO. 20:**

18      Objection. This Interrogatory is vague and ambiguous as to term "INCIDENT," and calls for

19  speculation as to its meaning.  Objecting further, this Interrogatory is vague and ambiguous as to

20  Propounding Party's definition of "YOU" to the extend that it purports to equate Responding Party with

21  its agents, investigators, attorneys and anyone else acting on her behalf.  Responding Party will respond

22  for itself and not others.  Objecting further, this Interrogatory is vague and ambiguous as to "other

23  damages."  Objecting further, this Interrogatory is duplicative of prior discovery requests, and seeks

24  information which has already been provided to Propounding Party. Objecting further, this Interrogatory

25  seeks information which will be the subject of expert opinion and is premature.  Objecting further, this

26  Interrogatory is compound and contains unrelated subparts. Objecting further, this Interrogatory exceeds

27  the permissible number of Interrogatories under the FRCP.

28  ///

1   Subject to and without waiving these objections, Responding Party states that he has lost income

2   as identified by his tax returns, previously produced in this action.  Propounding Party can compile the

3   information requested from these documents as easily as Responding Party.  Responding Party's lost

4   income will be the subject of expert testimony, and such expert has not yet completed his analysis or

5   provided a written report pursuant to FRCP 26.  Any documents utilized by Responding Party's damages

6   expert will be produced by Responding Party.

7   **INTERROGATORY NO. 21:**

8   Describe in detail YOUR involvement with start-up companies, including but not limited to

9   serving on company boards, obtaining ownership interests, and sale of stocks from 2000 to the present,

10   and all persons with knowledge of that involvement.

11   **RESPONSE TO INTERROGATORY NO. 21:**

12   Objection. This Interrogatory is vague and ambiguous as to term "start-up companies. Objecting

13   further, this Interrogatory is compound and contains unrelated subparts.   Objecting further, this

14   Interrogatory is vague and ambiguous as to Propounding Party's definition of "YOUR" to the extend that

15   it purports to equate Responding Party with its agents, investigators, attorneys and anyone else acting on

16   her behalf.  Responding Party will respond for itself and not others. Objecting further, this Interrogatory

17   seeks information which is neither relevant nor reasonably calculated to lead to the discovery of

18   admissible evidence.  Objecting further, this Request is overbroad and unduly burdensome.  Objecting

19   further, this Request seeks information better elicited through another discovery mechanism, deposition.

20   Objecting further, this Interrogatory exceeds the permissible number of Interrogatories under the FRCP.

21   Subject to and without waiving these objections, Responding Party states that he will be produced

22   again for deposition in this matter, at which time Propounding Party can inquire in a more appropriate

23   and targeted manner about Responding Party's work with startup companies.  Given the breadth of this

24   Interrogatory, Responding Party is unable to provide a further response.

25   **INTERROGATORY NO. 22:**

26   Have you traveled outside of San Diego since the INCIDENT?  If so, please state:

27   (a)      your mode of transportation;

28   (b)      the dates of travel;

19

1    (c)    where you stayed overnight, including but not limited to the address, hotel name, boat

2              name, city, state, and country;

3    (d)    documents which relate to the travel, including but not limited to credit card statements,

4              tickets, itineraries, calendars, and correspondence; and

5    (e)    all persons with knowledge of the travel, including but not limited to your travel

6              companions.

7 **RESPONSE TO INTERROGATORY NO. 22:**

8      Objection. This Interrogatory, is compound and contains unrelated subparts. Objecting further,

9 this Interrogatory invades Responding Party's right to privacy. Objecting further, this Interrogatory seeks

10 information which is neither relevant nor reasonably calculated to lead to the discovery of admissible

11 evidence. Objecting further, this Request is overbroad and unduly burdensome. Objecting further, this

12 Request seeks information better elicited through another discovery mechanism, deposition. Objecting

13 further, this Interrogatory exceeds the permissible number of Interrogatories under the FRCP.

14 **INTERROGATORY NO. 23:**

15      Have you participated in any recreational activities since the INCIDENT, including but not limited

16 to tennis, golf, and/or fishing? If so, please state:

17    (a)    the dates of the recreational activity;

18    (b)    the location of the recreational activity, including but not limited to the address, hotel

19              name, boat name, city, state, and country;

20    (c)    all documents which relates to the recreational activity, including but not limited to credit

21              card statements, tickets, itineraries, calendars, and correspondence; and

22    (d)    all persons with knowledge of the recreational activity, including but not limited to co-

23              participants.

24 **RESPONSE TO INTERROGATORY NO. 23:**

25      Objection. This Interrogatory, is compound and contains unrelated subparts. Objecting further,

26 this Interrogatory invades Responding Party's right to privacy. Objecting further, this Interrogatory seeks

27 information which is neither relevant nor reasonably calculated to lead to the discovery of admissible

28 evidence. Objecting further, this Request is overbroad and unduly burdensome. Objecting further, this

RESPONSE TO INTERROGATORIES [SET ONE]

1  Request seeks information better elicited through another discovery mechanism, deposition.  Objecting

2  further, this Interrogatory exceeds the permissible number of Interrogatories under the FRCP.

3  **INTERROGATORY NO. 24:**

4     Have you participated in any fishing tournaments for 2003 to the present date?  If so, please state:

5     (a)   the name of the tournament;

6     (b)   the location of the tournament;

7     (c)   the dates of the tournament;

8     (d)   how you placed in the tournament;

9     (e)   all persons with knowledge of your participants in the tournament; and

10    (f)   all DOCUMENTS that relate to your participation in the tournament.

11 **RESPONSE TO INTERROGATORY NO. 24:**

12    Objection.  This Interrogatory, is compound and contains unrelated subparts.  Objecting further,

13 this Interrogatory invades Responding Party's right to privacy. Objecting further, this Interrogatory seeks

14 information which is neither relevant nor reasonably calculated to lead to the discovery of admissible

15 evidence.  Objecting further, this Request is overbroad and unduly burdensome.  Objecting further, this

16 Request seeks information better elicited through another discovery mechanism, deposition.  Objecting

17 further, this Interrogatory exceeds the permissible number of Interrogatories under the FRCP.

18

19

20

21

22                                        SCUDI JOHNSON & AYERS, LLP

23

24 Dated:___10/28___, 2011        By:_____

25                                            Morgan J.C. Scudi
                                               J. Ray Ayers
26                                            Adriana Gutierrez-Herrera
                                               Attorneys for Plaintiff

27

28

                                   21

## VERIFICATION

I, Steven Campbell, am a Plaintiff in this action.  I have reviewed my Responses to Defendant William Logue's Interrogatories (Set One), and I declare under penalty of perjury under the laws of the United States of California that the foregoing is true and correct except to those matters which I am informed and believe to be true and correct based upon information and belief.

Dated: _2/29/12_

Steven Campbell