**KAYE, ROSE & PARTNERS, LLP**
Frank C. Brucculeri, Esq. (137199)
Daniel F. Berberich, Esq. (215946)
1801 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
fbrucculeri@kayerose.com
dberberich@kayerose.com

Attorneys for Defendants
**MIKELSON YACHTS, INC. and BLUEWATER YACHT BUIILDERS, LTD.**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMPBELL, an individual; and CARLOTA FRANKLIN-CAMPBELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LOGUE, an individual and as a Trustee for the Sears/Logue Revocable Trust; THE SEARS LOGUE REVOCABLE TRUST; DAVID MARQUEZ, an individual; BLUEWATER YACHTS, INC., a California Corporation; NAN YA PLASTICS CORPORATION, a Foreign Corporation; NAN YA PLASTICS CORPORATION, a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: 10-CV-1821-JM-DHB<br><br>**IN ADMIRALTY**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER (DKT. #174) DENYING THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PLAINTIFF'S ALLEGED HEAD INJURY**<br><br>Date: May 6, 2013<br>Time: 10:00 a.m.<br>Judge: Jeffrey T. Miller<br>Place: Courtroom 5D |

Defendants MIKELSON YACHTS, INC. and BLUEWATER YACHT BUILDERS, LTD. (hereinafter collectively referred to as "Defendants" and/or "Mikelson") respectfully submit this Motion for Reconsideration of the Court's Order (Dkt. #174) denying their Motion for Partial Summary Judgment (Dkt. #129) on the issue of Plaintiff's alleged head injury.

# TABLE OF CONTENTS

|     |     |                                                                                                                                                                      | Page |
| --- | --- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---- |
| I.  |     | INTRODUCTION AND SUMMARY OF ARGUMENT                                                                                                                                 | 1    |
| II. |     | AUTHORITY FOR MOTION                                                                                                                                                 | 2    |
| III.|     | LEGAL ARGUMENT                                                                                                                                                       | 4    |
|     | A.  | This Court Erred in Concluding That the *Sentilles* Case Governs the Standard Necessary to Prove Medical Causation.                                                  | 4    |
|     |     | 1. The *Sentilles* Case Applies Only to Claims by Seamen (under the Jones Act and for Unseaworthiness) and Not to Admiralty Cases Generally.                          | 4    |
|     |     | 2. *Sentilles* Is Distinguishable Because It Merely Addresses the Situation Where the Medical Testimony Is Not Unanimous.                                             | 6    |
| IV. |     | CONCLUSION                                                                                                                                                           | 7    |

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

TABLE OF AUTHORITIES

Page

**Cases**

*American Dredging Co. v. Miller*, 510 U.S. 443, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994) ................................................................................................5

*Bromme v. Pavvit*
    5 Cal.App.4th 1487 (1992) ..............................................................................4

*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*
    690 F.2d 1240 (9th Cir. 1982) ........................................................................3

*Cottle v. Superior Court*
    (1992) 3 Cal.App.4th 1367 ........................................................................4, 7

*East River S.S. Co. v. TransAmerica DeLeval, Inc.*
    476 U.S. 858 (1986) ........................................................................................4

*Evans v. United Arab Shipping Co.*
    767 F. Supp. 1284 (D.N.J. 1991) ...................................................................5

*Foman v. Davis*
    371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ....................................3

*Jones v. Ortho Pharmaceutical Corp.*
    163 Cal.App.l3d 396 (1984) .........................................................1, 4, 5, 6, 7

*Mayhew v. Bell Steamship Co.*,
    917 F.2d 961 (6th Cir. 1990) ..................................................................2, 5, 7

*Medicine on the Seas*
    27 Tul. Mar. L.J. 425 (2003) ..........................................................................6

*Nelson v. County of Los Angeles*
    (2003) 113 Cal.App.4th 783 ...........................................................................4

*Persistence Software v. The Object People, Inc.*
    200 F.R.D. 626, 2001 U.S. Dist. LEXIS 12534 (N.D. Cal. 2001) ................2

*Randall v. Reading Co.*
    344 F. Supp. 879 (M.D. Pa. 1972) .................................................................5

*Sch. Dist. No. 1J v. ACandS, Inc.*
    5 F.3d 1255 (9th Cir. 1993) ............................................................................3

*Sentilles v. Inter-Caribbean Shipping Corp.*,
    361 U.S. 107 (1959) .......................................................................1, 4, 5, 6, 7

*United States v. Walker*, 601 F.2d 1051
    (9th Cir. 1979) ................................................................................................3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

Kaye, Rose & Partners LLP

*Wallis v. Princess Cruises, Inc.*
    306 F.3d 827 (9th Cir. 2002)........................................................................4

*Webster v. Offshore Food Service, Inc.*
    434 F.2d 1191 (5th Cir. 1970)...............................................................1, 6, 7

**Statutes**

Federal Rules of Civil Procedure 59..................................................................2, 3

Federal Rules of Civil Procedure 54.....................................................................2

Federal Rules of Civil Procedure 60.....................................................................2

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Having considered Defendants' motion for summary judgment, this Court is well familiar with the facts underlying this action. Defendants therefore won't repeat them, even in brief, in connection with the instant Motion for Reconsideration – which focuses on one discreet portion of the Court's decision which Defendants respectfully believe was clearly in error.

On March 15, 2013, this Court issued its Order (Dkt. #174) denying Defendants' motion for partial summary judgment (Dkt. #129) on the issue of Plaintiff Steven Campbell's (hereinafter referred to as "Plaintiff") alleged head injury (subdural hematoma) claim. Defendants now respectfully move the Court for reconsideration of its determination that the holding in *Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U.S. 107, 109 (1959) is applicable in this case with respect to the standard necessary to prove medical causation. Defendants respectfully contend that the Court committed clear error not only because *Sentilles* applies only to claims by seamen (under the Jones Act and for unseaworthiness) and not to admiralty cases generally, but because the case is inapposite and of no precedential value in view of the factual circumstances here involved. Specifically, as will be explained in greater detail herein, *Sentilles* is clearly distinguishable because it merely addresses the situation where the medical testimony is not unanimous. Indeed, as specifically noted by the Fifth Circuit in *Webster v. Offshore Food Service, Inc.*, 434 F.2d 1191, 1194 (5th Cir. 1970), *Sentilles* does not reach the question whether the trier of fact may find that a particular phenomenon was the source of plaintiff's disease in the face of unequivocal and un-contradicted testimony to the contrary -- given by an expert

witness whose qualifications have not been impeached. *Id.* at 1194[1]. Since there is no dispute amongst experts on the causation issue in the case at bar (as **the only expert testimony** on medical causation for the subdural hematoma is the testimony of Defendants' expert, Dr. Lobatz), the present case is just like the *Webster v. Offshore Food Service* decision and not at all like *Sentilles*. Unfortunately, Defendants had to cut their arguments to this effect (and their citation to the *Webster* case) from the final draft of their Reply brief in order to comply with the 10-page limitation for Reply briefs as per the Local Rules. To be clear, they did so in the firm belief that *Sentilles* was distinguishable first and foremost on the grounds that it addresses a Jones Act claim where the causation standard is a "featherweight" one. Moreover, because the Court issued its decision without oral argument, Defendants didn't have the opportunity to bring necessary clarity to this issue at oral argument.

## II. <u>AUTHORITY FOR MOTION</u>

A motion for reconsideration may be construed under either Federal Rule of Civil Procedure ("FRCP") 59(e ) or 60(b. FRCP 59(e) permits the Court to alter or amend a judgment, while FRCP 60(b) permits the Court, on motion and just cause, to relieve a party from an order issued. Additionally, any order adjudicating fewer than all claims may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. FRCP 54(b); *Persistence Software v. The Object People, Inc.*, 200 F.R.D. 626, 2001 U.S. Dist. LEXIS 12534 (N.D. Cal. 2001) See also Local Rule 7.1(i)

---

[1] See also *Mayhew v. Bell Steamship Co.*, 917 F.2d 961, 963 (6th Cir. 1990) (holding that "a medical expert must be able to articulate that there is more than a mere possibility that a causal relationship exists between the defendant's negligence and the injury for which the plaintiff seeks damages.").

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

(addressing applications for reconsideration).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (Internal citation omitted).

In *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc*., 690 F.2d 1240, 1249-50 (9th Cir. 1982) the Ninth Circuit Court discussed the propriety of a motion for reconsideration to correct an erroneous judgment and held in relevant part that:

> Assuming arguendo that [a party's] 59(e) motion raises no new grounds, it nevertheless constitutes a proper 59(e) motion. . . .Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Rule 59(e) provides an efficient mechanism by which a trial court judge can correct an otherwise erroneous judgment without implicating the appellate process. As noted by this court in *United States v. Walker*, 601 F.2d 1051, 1058 (9th Cir. 1979) 'Errors in the trial court may be most speedily corrected by the trial judge. Frequently a trial judge has had to rule on difficult questions under time pressures and without thorough briefing by the parties. A motion for reconsideration may, in some instances, avoid the necessity of an appeal.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

## III. LEGAL ARGUMENT

### A. This Court Erred in Concluding That the *Sentilles* Case Governs the Standard Necessary to Prove Medical Causation.

#### 1. The *Sentilles* Case Applies Only to Claims by Seamen (under the Jones Act and for Unseaworthiness) and Not to Admiralty Cases Generally.

Defendants argued in their motion for partial summary judgment (Dkt. #129) that this Court should look to California State Law authorities with respect to the standard necessary to prove medical causation. Although Defendants agree that federal maritime law governs this action, federal maritime law is incomplete with respect to the standard necessary to prove medical causation and does not preempt regulation of the subject. In such an instance, as here, the Court should apply state law. *East River S.S. Co. v. TransAmerica DeLeval, Inc.*, 476 U.S. 858 (1986) *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002) ("when new situations arise that are not directly governed by legislation or admiralty precedent, federal courts may fashion a rule for decision by a variety of methods. Federal courts may, and often do, look to state statutory law and to precepts of common law which they 'borrow' and apply as the federal admiralty rule."). Under California State Law, expert testimony is necessary and indeed critical to proof of causation in a personal injury action. See *Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, 1385; *Bromme v. Pavvit*, 5 Cal.App.4th 1487, 1502 (1992); *Jones v. Ortho Pharmaceutical Corp.*, 163 Cal.App.l3d 396, 403 (1984); *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 790-792.

However, in its Order (Dkt. #174) denying Defendants' motion for partial summary judgment, the Court held that the case of *Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U.S. 107, 109 (1959) is applicable in this case with respect to the standard necessary to prove medical causation. The *Sentilles* court held

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

that a "jury's power to draw the inference that the aggravation of petitioner's tubercular condition, evident so shortly after the accident, was in fact caused by that accident, was not impaired by the failure of any medical witness to testify that it was in fact." *Id.* Accordingly, the Court determined that expert testimony is not necessary in order to prove medical causation.

Defendants respectfully submit that the Court committed clear error in determining that the *Sentilles* case applies broadly to admiralty cases generally, such as in the situation here where a passenger allegedly injured on a vessel has sued for negligence based on general maritime law. Rather, the applicable legal authorities make clear that *Sentilles* applies only to claims by seamen (under the Jones Act and for unseaworthiness). See *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 ("Speculative and hypothetical medical testimony is admissible in Jones Act suits (citing *Sentilles*)". In *Mayhew v. Bell Steamship Company*, 917 F.2d 961, 964 (6th Cir. 1990), the court explained *Sentilles* and held that "because of the relaxed standards applied in FELA and Jones Act suits, we do not believe that a medical expert must be able to articulate to a 'reasonable degree of medical certainty' that the defendant's negligence had a causal relationship with the injury and disability for which the plaintiff seeks damages." Likewise, in *Evans v. United Arab Shipping Co.*, 767 F. Supp. 1284, 1291-1292 (D.N.J. 1991), the court noted that "[t]he liberal standards of negligence and legal causation fashioned by the courts in Jones Act and FELA[2] cases are equally applicable where testimony from medical experts fails to establish anything like a definitive answer on the question of what caused plaintiff's injury." See also *Randall v. Reading Co.*, 344 F. Supp. 879, 887 (M.D. Pa. 1972) ("[t]he test for determining whether evidence presents a jury issue on the question of causation in a FELA

---

[2] The Supreme Court has held that the "Jones Act adopts the entire judicially developed doctrine of liability under [FELA]." *American Dredging Co. v. Miller*, 510 U.S. 443, 455-56, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994).

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

case is identical to the test for sufficiency of evidence on the issue of negligence…"). Likewise, in *Medicine on the Seas*, 27 Tul. Mar. L.J. 425 (2003) at n.189, it was noted that "since negligence and causation are two different and distinct elements of the Jones Act cause of action, [Jones Act] cases relying upon the legal sufficiency of evidence to prove the reduced standard of causation obviously have no precedential value in defining the nature and quality of the evidence necessary to prove negligence." *Id.* at n.190. Because the instant case is not a claim by a seaman (under the Jones Act or for unseaworthiness[3]), *Sentilles* is irrelevant and has no precedential value.

### 2. *Sentilles* Is Distinguishable Because It Merely Addresses the Situation Where the Medical Testimony Is Not Unanimous.

Critically, *Sentilles* is also distinguishable because it merely addresses the situation where the medical testimony is not unanimous, which is not the case here. In *Webster v. Offshore Food Service, Inc.*, 434 F.2d 1191, 1194 (5th Cir. 1970) the court noted:

> *Sentilles* does not reach the question whether the trier of fact may find that a particular phenomenon was the source of plaintiff's disease in the face of unequivocal and uncontradicted testimony to the contrary, given by an expert witness whose qualifications have not been impeached. The only expert testimony in this record, unlike that in *Sentilles*, is that it was not possible for the phenomenon which appellant claims gave rise to his tuberculosis to have done so, since the claimed causal phenomenon could not have

---

[3] As this Court well understands, only a Jones Act seaman may pursue a claim based on the General Maritime Law cause of action for "unseaworthiness." Thus, any suggestion that the standard announced in *Sentilles* should have general application outside the context of a seaman's personal injury claim is misplaced.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

existed. *Sentilles* does not, therefore, preclude summary judgment in this case. We are not concerned with whether summary judgment would be improper on the basis of testimony such as supports this motion if the opposing party presented contrary opinion evidence, or evidence tending to undermine the credibility or qualifications of the expert witness.

See also *Mayhew v. Bell Steamship Co.*, 917 F.2d 961, 963 (6th Cir. 1990) ("Although a Jones Act plaintiff need not present medical evidence that the defendant's negligence was the proximate cause of the injury, we believe that a medical expert must be able to articulate that there is more than a mere possibility that a causal relationship exists between the defendant's negligence and the injury for which the plaintiff seeks damages.").

In this case, the only expert testimony on medical causation for the subdural hematoma is testimony of Dr. Lobatz. Indeed, plaintiff has not presented any medical testimony on causation. Thus, the medical testimony addressing causation in this case is only one sided and not disputed as it was in *Sentilles*. *Sentilles* simply does not support Plaintiffs' position in this instance and this case is more properly governed by the holding in *Webster*.

## IV. <u>CONCLUSION</u>

With all due respect to this Court and its considerable deliberation of the voluminous records and complicated issues before it in this matter, Defendants submit that the Order rendered on March 15, 2013 exhibits clear error in holding that the *Sentilles* case governs the standard necessary to prove medical causation. Accordingly, this Court should look to California State Law authorities with respect to the standard necessary to prove medical causation. Under California State Law, expert testimony is necessary and indeed critical to proof of causation in a personal injury action. See *Cottle*, *supra*, 3 Cal.App.4th at 1385. Because

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**

the only expert testimony on medical causation for the subdural hematoma is the testimony of Dr. Lobatz, the Court should have granted Mikelson's motion for partial summary judgment (Dkt. #129) on the issue of causation for Plaintiff's alleged head injury.

DATED: March 29, 2013        KAYE, ROSE & PARTNERS, LLP

By: */s/ Frank C. Brucculeri*
Frank C. Brucculeri, Esq.
Daniel F. Berberich, Esq.
Attorneys for MIKELSON YACHTS, INC. and BLUEWATER YACHT BUILDERS, LTD.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION FOR RECONSIDERATION**