**KAYE, ROSE & PARTNERS, LLP**
Frank C. Brucculeri, Esq. (137199)
Daniel F. Berberich, Esq. (215946)
1801 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
fbrucculeri@kayerose.com
dberberich@kayerose.com

Attorneys for Defendants
**MIKELSON YACHTS, INC. and BLUEWATER YACHT BUIILDERS, LTD.**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMPBELL, an individual; and CARLOTA FRANKLIN-CAMPBELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LOGUE, an individual and as a Trustee for the Sears/Logue Revocable Trust; THE SEARS LOGUE REVOCABLE TRUST; DAVID MARQUEZ, an individual; BLUEWATER YACHTS, INC., a California Corporation; NAN YA PLASTICS CORPORATION, a Foreign Corporation; NAN YA PLASTICS CORPORATION, a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: 10-CV-1821-JM-DHB<br><br>**IN ADMIRALTY**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 2 FOR AN ORDER PRECLUDING PLAINTIFFS FROM INTRODUCING OR REFERRING TO TESTIMONY THAT DEFENDANTS FAILED TO DESIGN OR TEST THE VESSEL'S DECK TO MEET COEFFICIENT OF FRICTION STANDARDS**<br><br>FPC:     May 20, 2013 at 10:00 AM<br>Trial:    May 28, 2013 at 10:00 AM<br>Judge:  Jeffrey T. Miller<br>Place:   Courtroom 5D |

Defendants MIKELSON YACHTS, INC. and BLUEWATER YACHT BUILDERS, LTD. (collectively referred to herein as "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their motion *in limine* No. 2 for an Order precluding plaintiffs STEVEN CAMPBELL and CARLOTA FRANKLIN-CAMPBELL (referred to herein as "Plaintiffs")

1

from introducing or referring to testimony of that Defendants failed to design or test the Vessel's deck to meet coefficient of friction standards.

## I.

## EVIDENCE AT ISSUE AND RELIEF SOUGHT

Defendants are informed and believe that plaintiffs and their attorney intend to introduce testimony that Defendants failed to design or test the Vessel ANDALE's deck to meet coefficient of friction standards. As such evidence is not relevant to any of the issues in this matter (Federal Rules of Evidence 401 and 402), it should not be admitted. Moreover, the evidence described above is likely to be confusing, will consume undue time and resources, and has no probative value (Federal Rules of Civil Procedure 403).

## II.

## ARGUMENT

**A.   Testimony That Defendants Failed to Design or Test the Vessel's Deck to Meet Coefficient of Friction Standards Is Not Relevant to Any of the Issues in This Matter.**

Federal Rule of Evidence 401, which governs relevance, provides:

> 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Defendants are informed and believe that Plaintiffs seek to introduce testimony that Defendants failed to design or test the Vessel's deck to meet coefficient of friction standards. However, whether or not Defendants failed to design the Vessel's deck to meet coefficient of friction standards is not relevant because it does not make any fact in this case more or less probable. Indeed, Plaintiffs' liability expert, Michael Sampsel, opined that in the marine industry

there is no standard for the coefficient of friction with respect to a vessel's deck. Mr. Sampsel's report provides as follows:

> 5. The American Boat and Yacht Council produces Standards and Recommended Practices for Small Craft. Their Standard H-41 would apply to this matter. Paragraph 41.11.1.1.c. of this standard specifies that slip resistant surfaces shall be used in weather deck locations, inter alia. **However a specific coefficient of friction number is not provided.**

[Sampsel Expert Report at page 3, ¶ 5, a true and correct copy of which is attached as Exhibit "A" to the Declaration of Daniel Berberich (hereinafter referred to as "Berberich Decl.") (Emphasis added). At deposition, Mr. Sampsel testified that while the land-based standard for coefficient of friction is 0.5, there is no specific sea-based coefficient of friction standard applicable to yacht manufacturers. [Sampsel Deposition – Vol. 1, at 30:13-19; 36:4 – 41:25, a true and correct copy of which is attached to Berberich Decl. at Exhibit "B"]. Mr. Sampsel's deposition testimony demonstrates that opinion as follows:

> Q: [0.5] which is the relevant land-based standard coefficient of friction, correct?
> A: I'm glad you said "land based."
> Q: Because we don't have a written sea-based standard coefficient of friction applicable to yacht manufacture, correct?
> A: That is correct.
> * * *
> Q: Understood. And really, what I was trying to exclude was any opinion on your part that there is a standard in the industry that requires engineering to meet a certain COF, because I understand that now that's not your testimony, correct?

| | |
|---|---|
| 1 | Your testimony is that there maybe should be, but not that |
| 2 | you're aware of any specific custom and practice in the industry to |
| 3 | manufacture deck surfaces to meet a certain standard COF? |
| 4 | A:    Well, maybe we will get into the technical details later, but – |
| 5 | and that involves the list on the vessel or the rolling of the vessel; |
| 6 | but regarding a specific number, no. |

[Sampsel Deposition – Vol. 1, at 40:20 – 41:25, a true and correct copy of which is attached to Berberich Decl. at Exhibit "B"].

Because Mr. Sampsel testified that there is no specific sea-based coefficient of friction standard applicable to yacht manufacturers, any testimony about whether Defendants failed to design or test the Vessel's deck to meet coefficient of friction standards is not relevant to any of the issues in this matter. Rather, the only relevant inquiry is whether or not the deck of the Vessel was unreasonably slippery and defective. Whether Defendants were negligent in failing to design or test the Vessel's deck to meet a specific coefficient of friction standard is simply not relevant, especially in light of the fact that Plaintiffs have not raised a negligence claim against Defendants. Rather, Plaintiffs' First Amended Complaint merely raises two claims against Defendants: strict product liability – design defect, and strict product liability – failure to warn. Accordingly, any testimony that Defendants failed to design or test the Vessel's deck to meet coefficient of friction standards should be excluded entirely.

**B.** **Testimony That Defendants Failed to Design or Test the Vessel's Deck to Meet Coefficient of Friction Standards Is Likely to be Confusing, Consume Undue Time and Resources, and Has No Probative Value.**

Federal Rule of Evidence 403, which governs exclusion of evidence on grounds of prejudice, confusion, or waste of time, provides:

> Although relevant, evidence may be excluded if its probative value

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY THAT DEFENDANTS FAILED TO DESIGN OR TEST THE VESSEL'S DECK TO MEET COEFFICIENT OF FRICTION

Kaye, Rose & Partners LLP

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Allowing testimony that Defendants failed to design or test the Vessel's deck to meet coefficient of friction standards into evidence is likely to be confusing in light of Mr. Sampsel's testimony that there is no specific sea-based coefficient of friction standard applicable to yacht manufacturers. The only relevant question is whether the deck was unreasonably slippery and defective. Thus, whether Defendants designed or tested the deck to meet coefficient of friction standards is simply not relevant or necessary to the question of whether the deck was defective, and such evidence would only create confusion. That is especially the case whereas here there is no testimony of an established custom and practice in the yacht manufacture industry that slip resistant surfaces are specifically engineered to meet any specific COF level. Accordingly, testimony concerning Bluewater's purported failure to specifically engineer its slip resistant surfaces to meet a certain COF standard is simply neither relevant or probative of any issue in dispute or properly before the Court on Plaintiff's Amended Complaint. Indeed, such testimony has no probative value whatsoever because it does not do anything to help prove that the deck was unreasonably slippery and defective. In sum, the admission of such evidence will result in wasting the time and resources of the Court and the parties.

### III.

### CONCLUSION

For all of the reasons set forth hereinabove, Defendants respectfully request that their motion *in limine* be granted in full.

///

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY THAT DEFENDANTS FAILED TO DESIGN OR TEST THE VESSEL'S DECK TO MEET COEFFICIENT OF FRICTION

DATED: April 29, 2013                    KAYE, ROSE & PARTNERS, LLP

By: /s/ Frank C. Brucculeri
    Frank C. Brucculeri, Esq.
    Daniel F. Berberich, Esq.
    Attorneys for MIKELSON
    YACHTS, INC. and BLUEWATER
    YACHT BUILDERS, LTD.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY THAT DEFENDANTS FAILED TO DESIGN OR TEST THE VESSEL'S DECK TO MEET COEFFICIENT OF FRICTION