**KAYE, ROSE & PARTNERS, LLP**
Frank C. Brucculeri, Esq. (137199)
Daniel F. Berberich, Esq. (215946)
1801 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
fbrucculeri@kayerose.com
dberberich@kayerose.com

Attorneys for Defendants
**MIKELSON YACHTS, INC. and
BLUEWATER YACHT BUILDERS,
LTD.**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMPBELL, an individual; and CARLOTA FRANKLIN-CAMPBELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LOGUE, an individual and as a Trustee for the Sears/Logue Revocable Trust; THE SEARS LOGUE REVOCABLE TRUST; DAVID MARQUEZ, an individual; BLUEWATER YACHTS, INC., a California Corporation; NAN YA PLASTICS CORPORATION, a Foreign Corporation; NAN YA PLASTICS CORPORATION, a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: 10-CV-1821-JM-DHB<br><br>**IN ADMIRALTY**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 5 FOR AN ORDER PRECLUDING PLAINTIFFS FROM INTRODUCING OR REFERRING TO THE PUBLICATION BY DARREN MELHUISH AND JOHN WEGAND ENTITLED "COEFFICIENT OF FRICTION, THE DEVELOPMENT OF A STANDARD PORTABLE DEVICE FOR THE US NAVAL FLEET"**<br><br>FPC: May 20, 2013 at 10:00 AM<br>Trial: May 28, 2013 at 10:00 AM<br>Judge: Jeffrey T. Miller<br>Place: Courtroom 5D |

Defendants MIKELSON YACHTS, INC. and BLUEWATER YACHT BUILDERS, LTD. (collectively referred to herein as "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their motion *in limine* No. 5 for an Order precluding plaintiffs STEVEN CAMPBELL

1

and CARLOTA FRANKLIN-CAMPBELL (referred to herein as "Plaintiffs") from introducing or referring to the publication by Darren Melhuish and John Wegand entitled "Coefficient of Friction, the Development of a Standard Portable Device for the US Naval Fleet."

## I.

## EVIDENCE AT ISSUE AND RELIEF SOUGHT

Defendants are informed and believe that plaintiffs and their attorney intend to introduce evidence regarding the publication by Darren Melhuish and John Wegand entitled "Coefficient of Friction, the Development of a Standard Portable Device for the US Naval Fleet." As such evidence is not relevant to any of the issues in this matter (Federal Rules of Evidence 401 and 402), it should not be admitted. Moreover, the evidence described above is likely to be confusing, will consume undue time and resources, and has no probative value (Federal Rules of Civil Procedure 403).

## II.

## ARGUMENT

A. **The Publication by Darren Melhuish and John Wegand Entitled "Coefficient of Friction, the Development of a Standard Portable Device for the US Navy Fleet" Is Not Relevant to Any of the Issues in This Matter.**

Federal Rule of Evidence 401, which governs relevance, provides:

> 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Defendants are informed and believe that Plaintiffs seek to introduce the publication by Darren Melhuish and John Wegand entitled "Coefficient of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE REFERENCES TO THE PUBLICATION BY DARREN MELHUISH AND JOHN WEGAND ENTITLED "COEFFICIENT OF

Friction, the Development of a Standard Portable Device for the US Navy Fleet" (hereinafter referred to as the "Navy Publication"). [A true and correct copy of the Navy Publication is attached to the Declaration of Daniel Berberich (hereinafter referred to as "Berberich Decl." as Exhibit "A"]. Mr. Sampsel contends that the Navy Publication "notes the various Military (MIL) and Department of Defense (DOD) Standard requirements for values of coefficients of friction on naval ships (horizontal surfaces) as well as related testing devices." [Sampsel expert report dated January 12, 2012, at page 3, ¶ 6, a true and correct copy of which is attached as Exhibit "B" to the Berberich Decl.]. In contrast to Mr. Sampsel's contention, nowhere in the Navy Publication does it refer to or establish the coefficient of friction standards for naval ships. [See Naval Publication, attached as Exhibit "A" to Berberich Decl.]. Rather, the Navy Publication discusses the development of a standard device to test the surfaces of Naval vessels to ensure that they meet specifications that the government asks contractors to meet. *Id.* But it does not establish a coefficient of friction standard. [See Steven Wiker's expert rebuttal report dated February 20, 2012, at ¶ 6 (noting that the Navy has no standard requiring Naval vessels to have deck COFs of 0.85 or greater), attached as Exhibit "C" to Berberich Decl.]. At deposition, Mr. Sampsel agreed that the authors of the Navy Publication do not offer an opinion that the specifications the government asks contractors to meet are the appropriate standard for coefficient of friction. [Sampsel Deposition – Vol. 1, at 32:1- 33:7, a true and correct copy of which is attached as Exhibit "D" to Berberich Decl.]. Indeed, as discussed in Defendants' motion *in limine* No. 2, Mr. Sampsel opined that there is no specific sea-based coefficient of friction standard applicable to yacht manufacturers. Based on the foregoing, the Navy Publication is not relevant to any of the issues in this matter because it does not establish the sea-based coefficient of friction standard, and in any event Mr.

Sampsel opined that there is no specific sea-based coefficient of friction standard. Therefore, the Navy Publication is not relevant and should be excluded.

**B.  The Navy Publication Is Likely to be Confusing, Consume Undue Time and Resources, and Has No Probative Value.**

Federal Rule of Evidence 403, which governs exclusion of evidence on grounds of prejudice, confusion, or waste of time, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Allowing the Navy Publication into evidence is likely to be confusing because it discusses the coefficient of friction specifications the government asks contractors to meet the appropriate standard for coefficient of friction. However, the authors of the Navy Publication do not offer an opinion that those specifications are the appropriate standard for sea-based coefficient of friction, and in any event plaintiff's liability expert, Mr. Sampsel, opined that there is no specific sea-based coefficient of friction standard applicable to yacht manufacturers. Such evidence has no probative value whatsoever because it does not establish the sea-based coefficient of friction standard. In sum, the admission of such evidence will result in wasting the time and resources of the Court and the parties.

## III.
## CONCLUSION

For all of the reasons set forth hereinabove, Defendants respectfully request that their motion *in limine* be granted in full.

DATED: April 29, 2013       KAYE, ROSE & PARTNERS, LLP

By: /s/ Frank C. Brucculeri
    Frank C. Brucculeri, Esq.
    Daniel F. Berberich, Esq.
    Attorneys for MIKELSON
    YACHTS, INC. and BLUEWATER
    YACHT BUILDERS, LTD.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MIKELSON YACHTS, INC. AND BLUEWATER YACHT BUILDERS, LTD.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE REFERENCES TO THE PUBLICATION BY DARREN MELHUISH AND JOHN WEGAND ENTITLED "COEFFICIENT OF