Exhibit "D"

MICHAEL M. SAMPSEL, P.E. - 6/6/2012

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN CAMPBELL, an individual; and )
CARLOTA FRANKLIN-CAMPBELL, an        )
individual,                          )
                                     )
                                     )   CASE NO.
            Plaintiffs,              )   10-CV-1821-JM-DHB
                                     )
         vs.                         )   VOLUME I
                                     )   Pages 1 - 105
WILLIAM LOGUE, an individual and as  )
a Trustee for The Sears/Logue        )
Revocable Trust; THE SEARS/LOGUE     )
REVOCABLE TRUST; DAVID MARQUEZ, an   )
individual; MIKELSON YACHTS, INC., a )
California Corporation; BLUEWATER    )
YACHT BUILDERS, LTD., a Foreign      )
Corporation; YA PLASTICS             )
CORPORATION, a Foreign Corporation;  )
and NAN YA PLASTICS CORPORATION, a   )
Delaware Corporation,                )
                                     )
            Defendants.              )
                                     )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                     )
AND RELATED CROSS-ACTIONS.           )
                                     )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

DEPOSITION OF MICHAEL M. SAMPSEL, P.E.

TAKEN ON: Wednesday, June 6, 2012

TAKEN AT: 5440 Morehouse Drive
          Suite 4400
          San Diego, California

REPORTED BY: KATHRYN B. CONNELL
             CSR NO. 3079, RPR, CRR

MICHAEL M. SAMPSEL, P.E. - 6/6/2012

Page 32

1    In the study that you cite, by my reading of
2    it and Dr. Wiker's reading of it as well, that No. 6 on
3    your documents reviewed deals with that very issue,
4    doesn't it, the development of a standard device that
5    will test the surfaces of Naval vessels to ensure that
6    they meet contractor spec?
7        A.   And in addition, it lists the specification.
8        Q.   The specs that the government is asking the
9    contractors to meet?
10       A.   That's correct.
11       Q.   But the authors don't take or make any opinion
12   as to whether or not that -- those specifications are --
13   set an appropriate standard, correct?
14       A.   The table that I referenced is a summarization
15   of the requirements and the various DOD mil spec, mil
16   standard documents.
17       Q.   But the question is the authors of the study
18   don't opine anywhere in that study that coefficient of
19   frictions above .05 create the relevant standard or safe
20   standard for marine deck surfaces, correct?
21       A.   The standard in that table references the
22   other standards.  I didn't go back and review all the
23   other standards in detail.
24       Q.   That question is whether or not these authors
25   offer any opinion as to what the appropriate and safe

```
 1    standard is for a deck surface.
 2       A.   They -- again, they list the numbers that are
 3    found in the various mil specs, DOD specs, and so on.
 4       Q.   But they don't offer any opinion that those
 5    specs create the appropriate standard, correct?  That's
 6    what I'd like you to answer.
 7       A.   They do not offer an opinion.
 8       Q.   Okay.  So you could have provided us with the
 9    DOD specs and it would have been just as sufficient as
10    citing the study then?
11       A.   If I was --
12            MR. SCUDI:  That assumes facts not in
13    evidence.
14            THE WITNESS:  If I would have had all the DOD
15    specs instantly available, or I guess I could have gone
16    through all my boxes and charged for the research.
17   BY MR. BRUCCULERI:
18       Q.   That's all right.
19            So from your perspective, though -- this is
20    what's important to me -- the only thing that's relevant
21    about that study is the DOD specs that are cited in it?
22       A.   The levels that are cited.
23       Q.   All right.  Have you ever checked to see
24    whether or not there is any regulation, CFR, or manual
25    that mandates the specs provided in the DOD contract
```

MICHAEL M. SAMPSEL, P.E. - 6/6/2012

```
 1    STATE OF CALIFORNIA    )
 2                           : SS.
 3    COUNTY OF SAN DIEGO    )
 4
 5           I, Kathryn B. Connell, Certified Shorthand
 6    Reporter No. 3079 for State of California, do hereby
 7    certify:
 8           That prior to being examined, the witness named
 9    in the foregoing deposition was duly sworn to testify to
10    the truth, the whole truth, and nothing but the truth;
11           That said deposition was taken down by me in
12    shorthand at the time and place therein named and
13    thereafter reduced by me to typewritten form and that
14    the same is a true, correct, and complete transcript of
15    said proceedings.
16           Before completion of the deposition, a review of
17    the transcript [ X ] was [  ] was not requested.  If
18    requested, any changes made by the deponent (and
19    provided to the reporter) during the period allowed are
20    appended hereto.
21           I further certify that I am not interested in the
22    outcome of the action.
23           Witness my hand this 14th day of June 2012.
24
25                        Kathryn B. Connell, CSR No. 3079
```