Neil B. Klein, SBN 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, SBN 206282
mrashby@mckassonklein.com
Brook John Changala, SBN 245079
bchangala@mckassonklein.com
**MCKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, CA 92612
Tel: (949) 724-0200
Fax: (949) 724-0201

**Attorneys for:** Defendant DAVID MARQUEZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMPBELL, an individual; and CARLOTA FRANKLIN-CAMPBELL, an individual. <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LOGUE, an individual and as a Trustee for the Sears/Logue Revocable Trust; THE SEARS/LOGUE REVOCABLE TRUST; DAVID MARQUEZ, an individual; MIKELSON YACHTS, INC., a California Corporation; NAN YA PLASTICS CORPORATION, a Foreign Corporation; and NAN YA PLASTICS CORPORATION, a Delaware Corporation. <br><br> Defendants. <br><br> AND ALL RELATED CROSS-ACTIONS | Case No. 10-CV-1821-JM (DHB) <br><br> **DEFENDANT DAVID MARQUEZ' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE & ARGUMENT ON DEFENDANTS' STRICKEN ASSUMPTION OF RISK DEFENSE** <br><br> The Honorable Jeffrey T. Miller <br> Courtroom: 5D <br><br> Pre-Trial Conference <br> Date: May 20th 2013 <br> Time: 10:00 a.m. <br><br> Trial <br> Date: May 28th 2013 <br> Time: 10:00 a.m. |

## I. INTRODUCTION

Defendant DAVID MARQUEZ ("Marquez") joins in the opposition by defendants WILLIAM LOGUE and THE SEARS/LOGUE RECOVABLE TRUST (collectively

-1-

1 "Logue") to Plaintiffs STEVEN CAMPBELL and CARLOTA FRANKLIN-CAMBPELL'S Motion *in Limine* No. 3 ("MIL 3"), and further opposes said MIL on grounds that, while assumption of risk will not operate as a complete bar to Plaintiffs' case pursuant to the Court's Amended Order on MSJ (Dkt. 175), the doctrine of comparative fault applies fully to this action to apportion responsibility in accordance with the relative fault of the parties – including that of Mr. Campbell.

## II. LEGAL ARGUMENT

### A. Fault or Negligence by Plaintiff – And Evidence Thereof – Is Admissible Under Comparative Negligence, Even Absent Assumption of Risk

Plaintiffs argue that defendants should be precluded from presenting any evidence of Mr. Campbell's fault or negligence simply because the Court granted partial summary judgment on the defense of assumption of risk. Plaintiffs reason that any evidence of Mr. Campbell's failure to safeguard his own safety will amount to assumption of risk "under the guise of contributory negligence." This is disingenuous.

Plaintiffs' argument overlooks the fact that defendants' alternative defense of comparative/contributory negligence exists independently of assumption of risk. Under comparative negligence, *plaintiff's* contributory fault is proportionately applied to reduce damages to which he or she might otherwise be entitled. *United States v. Reliable Transfer Co.,* 421 U.S. 397 (1975). While comparative/contributory negligence does not operate as a complete bar, the risk-allocating principle of comparative fault does reduce recovery to the extent of plaintiff's negligence - which could range from 0% to 100%. *S.C. Loveland, Inc. v. East West Towing, Inc.*, 608 F. 2d 160, 165 (5th Cir. 1979).

As a result, evidence of Mr. Campbell's responsibility or fault for his own injuries, whether due to the inherent risks or hazards involved in striped marlin sport fishing, his movements at the bow of the ANDALE, or any other evidence touching on his failure to safeguard his own person, is fully relevant and admissible.

**MARQUEZ' OPPOSITION TO PLAINTIFFS' MIL NO. 3: ASSUMPTION OF RISK**

### B. The Standard of Conduct For Comparative/Contributory Negligence Is Failure to Safeguard One's Own Safety

Plaintiffs state in their MIL 3 that expert testimony or evidence is required by defendants to establish a "standard of care" applicable to Mr. Campbell's contributory negligence. This is a fallacy.

Admiralty law supplies the *standard of conduct* applicable in a maritime case through statutes and rules derived thereunder, case law, maritime conduct, or principles of tort law (including negligence). *S.C. Loveland*, 608 F. 2d at 165:

> "Plaintiff is contributorily negligent when his conduct falls below the standard to which he is required to conform for his own protection. The standard is that of a reasonable person under like circumstances. Plaintiff's negligence is 'disregard for his own safety and not necessarily such as threatens to invade any of defendant's legal rights. Contributory negligence <u>*does not involve breach of any duty owed others but, rather, a failure reasonably to safeguard one's own person*</u> or property; that is a failure to act as one should may constitute contributory negligence."

*Id.* at 165-166 [emphasis added; citations omitted].

In this case, the issue will be the standard of conduct attributable to Mr. Campbell while fishing for striped marlin, an epic fighting fish, from the bow of the ANDALE late into the afternoon on the day of the accident, after being warned that he looked tired, and should take a rest. In other words, did he meet the standard "for his own protection" or did he act, under the circumstances, "in disregard of his own safety?" Defendants should not be precluded from putting forward evidence to that effect, namely as to Mr. Campbell's comparative/contributory negligence.

//

//

//

## III. CONCLUSION

Based on the foregoing, Marquez respectfully requests that Plaintiffs' MIL 3 be denied.

Date: May 6, 2013

                                                */s/ Neil B. Klein*
Neil B. Klein
Maria del Rocio Ashby
Brook John Changala
**MCKASSON & KLEIN LLP**
Attorneys for Defendant
DAVID MARQUEZ